JOHN JACOBS, ADMINISTRATOR OF SOLOMON LEWIS, Plaintiff in
Error, *v.* REUBEN LEWIS, Defendant in Error.

1. *Mortgages and deeds of trust, foreclosure of—Installments on same note,
suits upon—Cause of action.*—The pendency of a suit to foreclose a mort-
gage for the non-payment of one annual installment on a note is not sufficient
ground for the abatement of a subsequent suit to foreclose the same mortgage,
based on the non-payment of the next annual installment on the same note.
Although the parties to the note and the mortgage are the same, yet the sub-
sequent suit would be founded upon a different cause of action, and hence
would not be deemed vexatious.    It is immaterial that the evidence, as respects
the instrument sued on, was the same.

*Error to Fifth District Court.*

*Collier & Turner,* for plaintiff in error.

I.    The suit in the Circuit Court to recover the first installment
of interest due on the note in controversy, and the suit in the
Common Pleas Court to recover the second installment of interest
due on said note, are based upon separate and distinct causes of
action, notwithstanding the said installments of interest were
secured by one and the same mortgage.    A separate cause of
action accrues whenever default is made in the payment of any
installment of interest due on said note, and the parties in interest
clearly have the right to subject the mortgaged property to sale,
or so much thereof as may be necessary to pay such installment,
until the whole mortgaged property shall have been sold.    (9 Mo.
283 ; 43 Mo. 517.)

II.    It is not denied that where a mortgage is given to secure
separate debts, and there has been a foreclosure and judgment for
one debt, and the whole mortgaged property sold, there can be

no further foreclosure or sale for debts subsequently falling due. (7 Mo. 489.)

III. But it is insisted that even in an equitable proceeding on a mortgage to secure different installments falling due at different times, a decree of foreclosure may be rendered on the installment then due without waiting for all the installments to fall due; and if the property is susceptible of division, the same may be sold from time to time until the whole mortgaged property shall have been exhausted. (7 Ohio, 231; 2 Washb. 222.)

IV. Where the mortgage is made to secure several creditors, each has a separate right of action, and may proceed without joining the others. (9 Mo. 277.)

V. This suit is a proceeding at law under the statute, and is not governed by the doctrines and practice of equity. (43 Mo. 503.)

*Broaddus & Pollard*, for defendant in error.

Plaintiff can not have more than one judgment for a foreclosure of the same mortgage, and subject the land to sale by judgments from different courts. (Lansing v. Capron *et al.*, 1 Johns. Ch. 617; Bunkerhoof v. Thallhimer, 2 Johns. Ch. 486; Lyman v. Sale, 4 Johns. Ch. 488; Campbell *et al.* v. Macomb *et al.*, *id.* 534; Buford & Henderson v. Smith, 7 Mo. 489.)

CURRIER, Judge, delivered the opinion of the court.

This suit was brought to foreclose a mortgage. The proceeding is under the statute (2 Wagn. Stat., ch. 99). The answer admits the execution of the note and mortgage sued on, and then alleges, as ground of abatement, the pendency of a prior foreclosure suit between the same parties, founded upon the same note and mortgage, but for a different cause of action.

The note in suit was payable in installments of $200 each; that is, $200 was payable annually during the lifetime of the payees, as the interest on $2,000. The first foreclosure suit was based upon the first of these installments, while the present suit is based upon the second, which had not matured at the time the

first suit was brought.  In each case judgment is sought against the mortgaged premises, as also a general judgment for any unsatisfied balance.  Whether the pendency of the first of these suits furnished sufficient ground for abating the second, is the question to be decided.

The ground upon which courts proceed in the abatement of subsequent suits, as was said in State v. Dougherty, 45 Mo. 294, is that they are unnecessary, and are therefore deemed vexatious. Where the subsequent suit is founded upon a different cause of action, as in the case now before the court, the principle has no application ; for in that condition of things there is no ground for regarding the subsequent suit as vexatious.  It is of no importance that the evidence is the same as respects the instrument sued on.  The identity of the parties and cause of action is what is material.  In the case before us the parties are the same as in the prior suit, and the note and mortgage are the same, but the cause of action is different.  The causes of action are as separate and distinct as they would be if founded upon two separate notes.  The pendency of the first suit is therefore no ground for abating the second.

It is true that the mortgaged property can be sold but once under a judgment of foreclosure.  (Buford v. Smith, 7 Mo. 489.) Whether the creditor may have successive judgments against the property, and successive sales of different parts of it under the respective judgments, are questions not raised by the present record, and no opinion is expressed in respect to them.

The judgment of the District Court is reversed and that of the Common Pleas affirmed.  The other judges concur