Thompson v. Holden.

---

THOMPSON v. HOLDEN *et al.;* WARREN, Appellant.

Division One, June 19, 1893.

1. **Partition:** ADVERSE INTERESTS: STATUTE. Adverse and conflicting interests may be litigated and settled under our statutory provisions for the partition of land. (Revised Statutes 1889, sec. 7134, *et seq.*)

2. ———: PARTIES: STATUTE. Any one having an interest in the premises sought to be divided or sold may, under said statutes, be made a party, or, on his own motion, may become a party to the suit, and assert his claim and have it determined therein, unless excluded from doing so by the adverse and exclusive possession of other claimants.

3. ———: ———. PLEADING. A plaintiff in such partition suit may make one a party by simply charging that the plaintiff is informed that such person claims an interest in the premises and asking that he be required to disclaim or to specifically assert it.

4. **Partnership Land:** PERSONALTY: EQUITY. Persons may engage as partners in the exclusive business of buying, selling and dealing in real estate, and in such cases the real estate owned by the firm is in equity and for partnership purposes to be treated as personalty; but in order to thus transform real estate from its usual character to that of personalty, the intention to do so must very clearly appear.

5. **Partnership:** PARTICIPATION IN PROFITS. The mere participation by one in the profits of a transaction or business, does not *per se* constitute him a partner therein.

6. ———: LAND: CONTRACT. The fact that land is referred to, in a written agreement relating to it, as "partnership land," is not conclusive on the question of its partnership character.

7. **Pleading** · PENDING SUIT: ABATEMENT. Where the parties to two suits are not the same, and their objects and the relief sought are different, the pendency of the prior one cannot be pleaded in abatement of the second.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*Christian & Wind* for appellant.

(1) The allegation in the petition that "said defendant Warren claims some interest in said premises, the nature of which interest plaintiffs have no knowledge or information, but make the said Warren a party hereto, so if he has any right, title or interest in the said premises, that the court may determine the same as to the court may seem right and proper," does not state any cause of action against Warren nor show him to be a proper party. Warren's demurrer to the petition should therefore have been sustained. Revised Statutes Mo. 1889, ch. 122, secs. 7134, 7135, 7136. (2) *First.* The contract between Robt. F. Burt and Robert H. Gardner, as parties of the first part, and Thomas H. Warren, as party of the second part, created a partnership between them and made the land partnership property. Bates on Partnership [Ed. 1888],

secs. 1, 12, 18, 35, 56, 280, 281, 290 and 822. *Maclay v. Freeman*, 48 Mo. 234; *Lengle v. Smith*, 48 Mo. 276; *Plummer v. Frost*, 81 Mo. 425; *McDonald v. Matney*, 82 Mo. 365, 366; *Priest v. Choteau*, 85 Mo. 398; *Ban v. Altheimer*, 91 Mo. 190. *Second*. Warren, therefore, had an interest in the partnership land which was not destroyed by conveyance to persons having notice of contract. *Carlisle v. Mulhern*, 19 Mo. 56; *Crow v. Drace*, 61 Mo. 225; *Willett v. Brown*, 65 Mo. 138; *Tieman v. Molliter*, 71 Mo. 512; *Priest v. Choteau*, 85 Mo. 398. *Third*. And there could be no partition until a partnership accounting was had. Bates on Partnership, sec. 280; *Holmes v. McGee*, 27 Mo. 597. (3) *First*. The second part of answer sets up a good defense in charging that the parties have combined for purpose of depriving him of his interest while he is unable to protect himself, owing to the litigation now pending against him in federal court, involving his interest in the property, and which is under the control of plaintiff in this cause. *Baier v. Berberich*, 13 Mo. App. 587; *Vail v. Knapp*, 85 Mo. 50. *Second*. The collusion to make a sale at a fixed price is fraudulent. *Neal v. Stone*, 20 Mo. 294; *Norton v. Hinkle*, 20 Mo. 290. (4) The action instituted in the federal court by Wm. B. Thompson, as attorney for Robert F. Burt, had the same object in view as the case subsequently instituted by Wm. B. Thompson in his own behalf. All the parties to the action before the court claim under Burt & Gardner, who were parties to that action. Therefore, the plea of another action pending is good in abatement.

*Arba N. Crane* and *Tyson S. Dines* for respondents.

(1) Plaintiffs' petition set forth the names, rights and titles of all parties interested in the land so far

as the same could be stated. It was impossible for the plaintiffs to state what the interest of Warren was in the land. He had recorded the writing between him and the former owners of the land, but the plaintiffs were not parties to that writing, and what was to be proposed as its legal effect was known only to Warren himself. Revised Statutes, 1889, secs. 7134, 7136; *Holloway v. Holloway*, 97 Mo. 628; Bliss on Pleading, sec. 310. (2) The answer of Warren was a waiver of any objections to the form and substance of the allegations in the petition touching his supposed claim to the property. *Sayer v. Devore*, 99 Mo. 437. The question would be, is the petition sufficiently definite as to Warren, and is it waived by answer. *Spurlock v. Railroad*, 93 Mo. 530. The objection by Warren that the exclusion of his special defenses renders the decree erroneous upon the record is not tenable, because his answer still tendered issues to all the allegations in the petition, and the case was tried upon those issues, and he did not move for a new trial. (3) If, however, this court considers that on this record the appellant is entitled to have the matter of his special pleas examined here, we submit that the demurrer to these pleas was properly sustained, because: *First*, as to the first plea we say the writing of October 13, 1882, does not make Warren a partner of Burt & Gardner in the land. We submit also that this writing does not make him a partner with Burt & Gardner at all. *Meyer v. Sharpe*, 5 Taunt. 74; *Smith v. Watson*, 2 B. & C. 401; *Ellsworth v. Pomeroy*, 26 Ind. 158; *Blair v. Schaeffer*, 33 Fed. Rep. 218; Story on Partnership, sec. 23; *O'Donnel v. Harsh*, 67 Mo. 170, and cases therein cited; *Stowe v. Robinson*, 24 Ill. 532, and cases therein cited; 1 Lindley on Partnership, p. 14; *Hazard v. Hazard*, 1 Story, 371; *Muzzy v. Whitney*, 10 John. 226; *Dunham v. Rogers*, 1 Pa. St.

255; *Buckle v. Eckert*, 1 Den. (N. Y.) 337; *Leonard v. Tel. Co.*, 41 N. Y. 544; *Brockway v. Burnap*, 16 Barb. (N. Y.) 309; *Bowman v. Bailey*, 10 Vt. 170; *Ferguson v. Alcorn*, 1 B. Monroe, Ky. 160; *Price v. Alexander*, 2 Greene, (Iowa), 427; *Gill v. Feris*, 82 Mo. 156; *Harkey v. Becht*, 25 Minn. 212; *second*, as to the plea of *lis pendens*, the second plea, we say it is bad because it shows that the suit in the United States circuit court is not between the same parties, nor upon the same issues or cause of action, nor for the same purpose, or for the same relief as the case here. *State ex rel. v. Dougherty*, 45 Mo. 294; *Jacobs v. Lewis*, 47 Mo. 344; *Dwight v. Railroad*, 9 Fed. Rep. 785; *Hurst v. Everett*, 21 Fed. Rep. 221. *Third*. As to the third plea which seeks to restrain the plaintiffs from prosecuting this suit, it falls with the other pleas. *Mulholland, v. Rapp*, 50 Mo. 42.

MACFARLANE, J.—This is a suit for the partition of thirty-two acres of land in St. Louis. Thompson and a number of other parties are petitioners, and Holden and others are defendants, among them T. H. Warren. The petition sets forth the interests of all the parties, except Warren, whose interest is not declared. He is the sole appellant. He, by answer, denied the rights of the other parties as charged in the petition, and set up as a special plea his interest in the property under the following contract, averring that the other parties obtained their interests through Burt & Gardner with notice:

"Articles of agreement made and entered into this the thirteenth day of October, A. D. 1882, by and between R. F. Burt and Robert H. Gardner, both of the city of Columbus, state of Ohio, parties of the first part, and Thomas H. Warren, of the city of St. Louis, state of Missouri, party of the second part, witnesseth:

That, whereas, the said parties of the first part have this day bought of Wm. J. Haynes a tract of land, and by written agreement as a bond for a deed to the same, described as follows: The said tract of land containing thirty-two acres, more or less, and bounded north by Olive street, east by land now or late of Chouteau, south by Kingsbury boulevard, and west by a creek separating it from land now or lately owned by Wm. B. Newell; now, therefore, be it known that the conditions of this agreement are such that for and in consideration of the sum of $1 in hand, lawful money of the United States, paid by the party of the second part to the parties of the first part, the receipt whereof is hereby acknowledged, and the further consideration of services rendered and to be rendered by the party of the second part to the parties of the first part, the equity and justice of said service being hereby fully acknowledged, have this day sold and by this agreement doth grant and convey unto the said party of the second part, his personal representatives and assigns, a full partnership of one-half interest in the proceeds arising or in anywise accruing from the sale, partition and transfer of the aforementioned tract, thirty-two acres of land in the city of St. Louis and state of Missouri, subject, however, to the following reservations and stipulations:

"*First*. The said parties of the first part are to receive out of the proceeds of the sale of the said tract of thirty-two acres of land, the sum of $28,500 with six per cent. interest per annum until said sum is realized from the sale of said land, which the parties of the first part are entitled to receive as their individual capital invested therein; and,

"*Second*, That the parties hereto contracting, being mutually interested in the sale of the said aforementioned thirty-two acres of land, hereby pledge

themselves to each other to diligently employ himself in the sale of all and singular parts or parcels of said thirty-two acres of land, and to pay his proportion of all expenses that may be necessary for surveys, plats, showing the property, advertising, commissions to outside parties, abstracts, and all expenses that may be deemed needful to enhance the value and promote and advance the sale of said partnership land; and,'

"*Third*, To keep, or cause to be kept, a faithful record of all the sales, the. amount received, dates of transfers and all expenses accruing in the sale and management of said partnership land—said .records to be subject to the inspection at any and all times of each of the parties hereunto contracting, their legal representatives and assigns; and,

"*Fourth*, That no bargain, sale or transfer of said partnership land shall be made without first obtaining the written consent of all the parties hereunto contracting, and that said partnership is to continue in full force and' effect until all said partnership land is sold and the proceeds disposed of according to the reservations and stipulations of this contract; and,

"*Fifth*, That after the said parties of the first part shall have realized from the sale of said thirty-two acres of land the sum of $28,500 with interest thereon, shall have been paid to them, their representatives and assigns, as hereinbefore mentioned then an equal division shall be made of all sales made or to be made of any part or parts of said partnership thirty-two acres of land that may remain unsold, one-half of said amount to be paid to the parties of the first part and one-half to be paid to the party of the second part, their legal representatives and assigns; and it is further agreed, that if default be made in the faithful discharge or fulfilling of this contract by the parties of the first part, they shall pay to the party of the second

part, his legal representatives or assigns the sum of
$10,000, lawful money of the United States, for his
interest in said partnership tract of thirty-two acres of
land, as herein described; and it is further under-
stood and agreed between the parties hereto subscrib-
ing, that the interest to be paid to the parties of the
first part, as expressed in clause first, shall be charged
as follows: that is to say, they are to receive six per
cent. per annum in interest, on the sum of $23,500,
and eight per cent. per annum on the sum of $5,000,
from the date and time as expressed in said clause;
and it is further understood as a part of this agreement,
that the pledge expressed in clause second shall in no
wise bind the parties of the first part to render any
service in the sale of said property beyond what
they may consider to the protection of their mutual
interests, but that the general management of the
making of bargains, sales, and all services required in
the proper distribution of said property, shall be per-
formed by the party of the second part.

"Witness our hands and year above written.

"R. F. BURT,

"ROBERT H. GARDNER,

"THOMAS. H. WARREN."

He also pleaded in bar the pendency of another
suit between the same parties involving the same sub-
ject matter, in the circuit court of the United States
for the eastern district of Missouri. A demurrer to
this plea was also sustained.

I. In proceedings for the partition of real estate
the statute (section 7134) requires the petition to set
forth the names, rights and title of all parties interested
in the premises sought to be divided or sold, so far as
the same can be stated (section 7135); every person
having any interest in such premises shall be made a
party to the petition and (section 7137) any person

having an interest may appear and be made a party on his own application. Defendant Warren was made a party defendant to the petition under the following allegation: "Plaintiffs further state that said defendant, Thomas H. Warren, claims some interest in said premises, the nature of which interest plaintiffs have no knowledge or information, but make the said Warren a party hereto, so, if he has any right, title or interest in the said premises, that the court may determine the same as to the court may seem meet and proper."

To the petition said defendant answered, stating particularly the rights and interests claimed by him, and a demurrer to this answer was sustained. After a trial and finding by the court of the interests of the parties and against any interest of said defendant, he moved to arrest the judgment on the ground that the interest in the premises claimed by him was not stated with sufficient certainty in the petition. The ruling of the court in overruling this motion is the first error assigned.

It is the settled practice in this state that adverse and conflicting rights and interests may be contested and settled under the statutory proceedings for the partition of land. As is seen under the foregoing provisions of the statutes any party who has an interest in the premises sought to be divided or sold may be made a party, or, on his own motion may become a party to the suit and assert his rights and have them settled therein, unless excluded from doing so by the adverse and exclusive possession of other claimants. *Holloway v. Holloway*, 97 Mo. 633.

There is no doubt that defendant Warren, on proper application, might have been made a party, though the petitioners may have disputed his claim to the premises. Judicial determination may often be

necessary in order to determine the validity of a claim, but that fact should not exclude a party from having it determined. It is important that the title should be settled before the land is sold or divided into several tracts, otherwise a number of independent suits may be required. In case claims may be made adverse to that of the petitioners it would be unreasonable to require them to set up and thus acknowledge their validity. In such case we think it competent, in conformity to common law pleadings in equity, to make such claimant a party, charging simply information that he makes a claim and require him, who has the better knowledge, to either disclaim or specifically assert it. Bliss on Code Pleading, sec. 310.

II. In 1883 the title to the land was in Robert F. Burt and Robert H. Gardner, which is the common source through which all the parties claim. Defendant Warren, by answer, claimed that under the contract with Burt and Gardner, the land was converted into partnership property in which he obtained an interest, and that the partnership affairs are unsettled, and the land is not, therefore, subject to partition. The circuit court sustained a demurrer to this plea and its ruling in that particular is the second and most important question in the case.

Persons may, undoubtedly, engage as partners in the exclusive business of buying, selling, and dealing in real estate and, in such case, the real estate owned by the firm is, in equity, and for partnership purposes, to be treated as personalty. *Youny v. Thrasher*, 115 Mo. 222, and authorities cited. The title would be held in trust for the use of the partnership whether in the name of all or one or more only of the partners. In order to thus transform real estate from its usual character to that of personalty, the intention to do so, should be made very clearly to appear. Unless then

the contract, under which defendant claims a partnership interest in the land in suit, fairly excludes every construction under which the property can retain its usual characteristics of real estate, we think it should be held not to have created a partnership in the land.

The rights of the parties must be deduced from their intention, as shown by the agreement read in the light of surrounding circumstances. It is well settled that the mere participation, by one, in the profits of a transaction or business does not *per se* constitute him a partner therein. *McDonald v. Matney*, 82 Mo. 358; *Kellogg Newspaper Co. v. Farrell*, 88 Mo. 597; *Gill v. Ferris*, 82 Mo. 156; *Ellsworth v. Pomeroy*, 26 Ind. 158; *Blair v. Shaefer*, 33 Fed. Rep. 218.

Notwithstanding the repeated reference in the agreement to the land as "said partnership land," we must look to the rights, duties and interests of the parties as declared in order to determine their true relationship, and the manner in which the land was held in order to determine its character. "It would be difficult to state any one fact or stipulation which would be decisive of the question except a stipulation expressed that they were partners *inter sese*, and even this might be controlled by other stipulations, and the conduct of the parties in relation to the business. Each case must be determined upon its own peculiar facts." *McDonald v. Matney*, *supra*.

Real estate only becomes partnership property when held and used at such. In the first place the contract is very guarded not to confer upon defendant Warren an interest in the land itself or even in what should remain unsold after Burt and Gardner had been paid from sales the amount originally invested by them in the purchase of the land, and interest thereon. The "grant" contained in the contract is not of the land itself, or any interest therein but is expressly of an

interest "in the proceeds arising, or in any wise accruing from the sale" of the land. The other provisions of the contract do not enlarge the grant, but as is declared make it subject to them as "reservations and stipulations." A careful reading of these provisions satisfies us that the parties did not contemplate holding the land in that community of ownership, which is essential in order to create partnership assets and every provision, from the original grant to the final stipulation "that the general management of making bargains, sales, and all services required in the proper distribution of said property, shall be performed by the party of the second part," are entirely consistent with a simple employment as agent for the sale of the land and for compensation from the profits derived therefrom.

The provision in the contract that should default be made, by the parties of the first part, in faithfully fulfilling the contract on their part, they should pay to said defendant the sum of ten thousand dollars "for his interest in the partnership" land, seems to recognize that defendant, under the agreement took an interest in the property itself as a partner. While we do not think such a conclusion justified by the terms of the contract granting the right or interest, it is apparent that in providing for the payment of damages in case of a breach of the contract, the parties did not intend that the owners should abrogate their right to sell and dispose of the whole property at their pleasure. If there was a breach of the agreement, defendant must look to his personal action for damages. This is not analagous to a contract for the sale and conveyance of land in which a sum is named as security for non-performance. In such case a specific performance may be decreed nothwithstanding the penalty. Taking this whole contract together

the stipulation to pay $10,000 in default of performance should be treated as an alternative to the other stipulations, instead of a security that they would be carried out.    Fry on Specific Performance of Contracts, p. 65.

We do not think defendant took under the contract such an interest in the land as entitles him to dispute the title of the other parties to this suit who claim under conveyances from Burt and Gardner.

III.  Defendant Warren also pleaded the pendency of a suit previously commenced in the circuit court of the United States in bar to this action.   It appears from the pleadings in that case that neither the parties nor the subject-matter of the suits are the same.   This suit is for the partition of the land and the contract is pleaded by Defendant Warren as showing that the land is held as firm assets in an unsettled partnership, and is therefore not subject to partition.   The former suit is to set aside the agreement for alleged fraud in its procurement and for damages.   All the parties to this suit are not parties to that one.   "The ground upon which courts proceed in the abatement of subsequent suits is that they are unnecessary, and are therefore deemed vexatious."   If the parties are not the same, and the objects of the suit and relief sought are different, the principle can have no application.   *State ex rel. v. Dougherty*, 45 Mo. 294; *Jacobs v. Lewis*, 47 Mo. 344.

IV.  The answer contained a third plea to the effect that the suit was not prosecuted in good faith for the purpose of having partition of the land, but, that the parties to the suit had conspired together for the real purpose of "procuring a decree upon the validity of the contract."   In view of our conclusion that defendant took no interest in the land under the agreement, the purposes of the parties in prosecuting this suit are

matters in which said defendant has no interest and their consideration is unnecessary. Judgment affirmed. BLACK, C. J. and BRACE, J., concur. BARCLAY, J. does not take part.