## HILES v. RULE *et al.*, *Appellants.*

### Division One, March 24, 1894.

1. **Jurisdiction:** COURT OF COMMON PLEAS: NONRESIDENT DEFENDANT. A court of common pleas whose jurisdiction is limited to persons served with process within a designated territory can not obtain jurisdiction of a nonresident defendant by publication.

2. **Partition:** PARTIES. A judgment in partition can not be made where it appears that parties who are not before the court have an existing vested interest in the land which is the subject-matter of the suit.

3. ———: ———. The rule that objection because of defect of parties is waived, unless seasonably made in the trial court, does not apply to partition suits.

4. ———: ———. The failure to make the beneficiary of a deed of trust, subject to which the partition is asked, a party to the suit, is no ground for reversing an interlocutory order of sale appealed from.

5. ———: SALE OF PREMISES. Where in a partition suit plaintiff asks for a sale of the premises and defendant testified a sale would be advantageous to him, and the entire tract consisted of only one hundred and five acres, the supreme court will not reverse the action of the trial court in decreeing the sale.

6. ———: FRAUDULENT DEED OF TRUST: VOID JUDGMENT. It is no defense to partition of land subject to a deed of trust, that the deed was given to defraud the owner of a void judgment.

*Appeal from Louisiana Court of Common Pleas.*—HON.
E. M. HUGHES, Judge.

AFFIRMED.

*Fagg & Ball* for appellants.

(1) The court improperly ordered a sale of the
property upon the undisputed facts shown by the tes-
timony.   A division of the property in kind is the pri-
mary mode contemplated by the statutes of this state
and actual partition, so far as real estate is concerned,
is more favored by all of the courts in this country, when-
ever it is practicable.    R. S. 1889, sec. 7149, and fol-
lowing sections;  *Belknap v. Trimble*, 3 Paige, Ch. 577;
*Higginbotham v. Short*, 25 Miss. 160;  *McGillivary v.
Evans*, 27 Cal. 96.   (2) The duty of the court to
appoint commissioners to make an allotment of the lands
is imperative in every case, unless it can be made appar-
ent by the facts shown in the petition or revealed in the
evidence in the trial that it can not be done without
prejudice to the owners.   (3) The uncontradicted tes-
timony introduced by the plaintiff was that the land
was susceptible of division and the court had no right
arbitrarily to set this proof aside and order a sale of
the premises.   In such a case the trial court is abso-
lutely without discretion.   See statutes of 1889, title,
Partition.   (4) Upon the whole case as made the plain-
tiff was not entitled to partition of the land described
in the petition.    (5) The proceeding by which the
interest of the plaintiff in this tract of land had been
charged with the maintenance and support of his wife,
Julia Hiles, and her children, was in all substantial
respects regular and should have been so recognized by
the court in the trial and determination of this case.
R. S., sec. 6856, and following.   (6) The application

for maintenance as contemplated by the section referred to is in the nature of a proceeding *in rem* and an order of publication against the defendant when he is out of the state or his residence is unknown, is a process warranted by law in such cases.

*W. H. Morrow* for respondent.

(1) There is no warrant of law for the Louisiana court of common pleas to bring in a nonresident defendant, he being the sole defendant in the cause, by notice of publication. Session Acts, 1867, p. 98, sec. 3; *Schell v. Leland*, 45 Mo. 289; *Fisher v. Davis*, 27 Mo. App. 321; *Hope v. Blair*, 105 Mo. 85. (2) Notice by publication does not avail to give jurisdiction of the person, except as provided in section 2022, Revised Statutes, 1889. The action of *Hiles v. Hiles*, does not come within the class of cases therein designated. Under no circumstances would constructive notice in a case of that kind be sufficient. (3) It is true that a beneficiary in a deed of trust is a proper party to a suit for the partition of the land, but if the trustee is made a party to the suit the beneficiary is not a necessary party, when, as in this case the interest of the *cestui que trust* is set out in the petition. (4) Besides this, the objection is made for the first time, here in the appellate court. The defect of parties, if such there be, appears on the face of the petition; no objections were made in the trial court of any kind, no demurrer was interposed, no objection taken by answer, nor was the matter called to the attention of the court in the motion for a new trial. *Rogers v. Tucker*, 94 Mo. 352; *Mueller v. Kaessmann*, 84 Mo. 318; R. S. 1889, sec. 2302. (5) The trustee represents the interest of the *cestui que trust*, and for that reason the beneficiary is not a necessary party. But in any event

the judgment from which this appeal is taken is not a. final judgment, and the *cestui que trust* can be made a. party. *Parkinson v. Caplinger*, 65 Mo. 290. R. S. 1889, secs. 2098, 2101.

MACFARLANE, J.—This suit was brought by plain-tiff in the Louisiana court of common pleas for the partition of a tract of land situate in Pike county, of which he claimed to be the owner of one undivided. one-fifth, subject to a deed of trust to defendant. Tinsley, as trustee, to secure a debt of $300 to W. H. Morrow, who was not made a party to the suit. The petition states that defendant Rule is the owner of the remaining four-fifths. It is stated that partition in kind can not be made and a sale of the land and division of the proceeds is prayed.

Defendant Tinsley, answered, admitting the facts stated in the petition. Defendant Rule, by answer, denied that plaintiff was the owner of the undivided one-fifth of the land, but on the contrary alleged that. his interest therein had been sold under an execution issued upon a judgment for $600 against him in favor of his wife, in a proceeding by her for maintenance, and had been purchased by D. A. Ball, to whom a. sheriff's deed had been duly executed and delivered.

Julia Hiles, the wife of plaintiff, on her own motion, was made a party defendant, on the ground that she was a judgment creditor of the plaintiff, having, as such, a lien on his interest in the land. By answer she stated her supposed rights and asked that. her interests be protected. D. A. Ball, the purchaser at sheriff's sale, was not made a party to the suit.

Upon a trial the court found and adjudged. the interests of the parties as stated in the petition and ordered a sale of the premises. From this judgment. defendants Rule and Julia Hiles appealed.

I. The judgment under which the sale was made was rendered by the Louisiana court of common pleas. Julia Hiles, the wife of plaintiff in this suit, was plaintiff in that one, and her husband was defendant. The suit was for maintenance. She charged in her petition that her husband had abandoned her and their two children, leaving nothing for their support. That he was an owner of an undivided interest in the land here in dispute, describing it, and that "he is not now a resident of, nor residing in, this state." The prayer was that the court would adjudge her such support and maintenance as would be just and right to be paid out of said property.

Upon filing this petition an order of publication was made, which was afterwards duly published. No objection is made to the form or substance of this order. At the May term of said court, to which defendant had been required, by order, to appear, a judgment by default for $600 was rendered against him, as alimony, and special execution awarded for the sale of his interest in the land.

The judgment makes this recital of its finding: "And, it appearing to the satisfaction of the court, from the evidence produced, that the said defendant is not a resident of, nor residing within, this state, and that due notice of the filing of said petition, and of the matters and things therein contained, has been given as required by law, by publication in a newspaper printed and published in said county, the same is taken as confessed, and judgment rendered against said defendant by default."

Thus it appears from the record that defendant was a nonresident of the state, and the only jurisdiction the court acquired of his person was by virtue of this order of publication. Plaintiff insists that the jurisdiction of the Louisiana court of common pleas

over the person is limited exclusively to that acquired by personal service, and to a single defendant only in case he resides, or is served with process, within the territorial jurisdiction of said court.

The jurisdiction of said court is defined by section 3, Acts of 1867, page 99, as follows:

"Section 3. ·Said court shall be held within the city of Louisiana, and shall have power and jurisdiction within the city of Louisiana, and within the townships in the first section of this bill specified. *First*, concurrent original jurisdiction with the circuit court of Pike county in all civil cases when the defendant, defendants, or either of them, reside within said city or either of said townships, and when the original process is served in said townships; *second*, like concurrent jurisdiction with the said circuit court in all civil cases when the defendant or defendants, or either of them, do not reside in the county of Pike, and the original process is served within the townships aforesaid; *third*, concurrent jurisdiction with said circuit court in all actions whatever by and against boats and vessels; *fourth*, concurrent superintending control with the circuit court over the justices of the peace in all civil cases in said townships, and concurrent appellate jurisdiction from justices' courts in said townships, and exclusive original jurisdiction in appeals in all cases tried before the recorder of the city of Louisiana; *fifth*, concurrent original jurisdiction with justices of the peace in all civil cases not exclusively cognizable before a justice of the peace; *sixth*, concurrent original jurisdiction with the circuit court in all civil cases where there are two or more defendants, and one or more of them reside within said townships, and defendant or defendants may be found therein; *seventh*, concurrent original jurisdiction with justices of the peace in all actions of forcible entry and detainer, where the

cause of action originates in said townships; *eighth*, in all cases where a suit is commenced in said court, and one or more of the defendants reside in said townships and the remainder reside outside thereof. The said court may have power to cause process to be issued against all of the defendants, and the officer authorized to serve process may serve the same in any part of Pike county.''

By the first section four townships of Pike county are named as the limits of the jurisdiction of the court.

Upon a review of the cases the rule in this state was recently declared to be, that the ''question of jurisdiction must be tried by the whole record. When it appears from the whole record that the court had no jurisdiction, either over the person or subject-matter, the judgment is void, and will be so treated in a collateral proceeding.'' *Adams v. Cowles*, 95 Mo. 507, and cases cited.

The record in this case shows, indeed it is expressly found by the court, that defendant was a nonresident of the state, and that service of process upon him was by publication. There can, therefore, be no presumption that he was served with process within the limits of the territory over which the court was given jurisdiction, or that he was a resident therein.

Reading the foregoing section of the statute it is readily seen, that the jurisdiction of the court is expressly, and most carefully, limited to persons served with process within a particular territory. In no case in which there is a single defendant can service be made outside the limits of the four townships to which the jurisdiction of the court is confined.

It is well settled law that a court, though possessing general jurisdiction, acquires no involuntary jurisdiction of the person of a defendant, unless process is served upon him within the territorial limits of the

jurisdiction prescribed by law. "Where the authority of a court attaches to the person, and not to the subject-matter, it is necessary that the party should reside within the local limits of such court" in order to give it jurisdiction over him. Lloyd on Prohibition, 44, note a; 2 Freeman on Judgments, section 564; *Wilson v. Railroad*, 108 Mo. 588.

The Louisiana court of common pleas is a local court and possesses only limited jurisdiction which is confined to a particular territory, and over persons residing or found therein; the only exception being, in case one or more defendants reside in the territory, and the remainder outside, process may be served in any part of Pike county. Such courts must keep within the prescribed powers of their creation. They have no jurisdiction beyond what is given them. *Schell v. Leland*, 45 Mo. 290.

It is insisted that the general law, section 2022, gives ample authority to acquire jurisdiction by the publication of notice. There can be no doubt that the court and its officers, can look to the code of civil procedure for the manner in which jurisdiction may be acquired and exercised, but they have no right to go beyond the law creating the court, to find the extent of the jurisdiction. The objection is not to the manner of the service, but to the jurisdictional fact that the defendant did not reside in the territory to which the jurisdiction of the court was expressly limited. Such construction of the general laws would be wholly inconsistent with the powers granted this court. R. S., sec. 6571.

If the court could enlarge its jurisdiction under provisions of the general law in one matter, it could in others, and there would be no limit that did not apply to the circuit court. We must, therefore, hold that defendant, being a nonresident of the state, the court

acquired no jurisdiction over him, and, the fact appearing upon the record, the judgment and sale thereunder, must be declared void though attacked collaterally.

II.    It is insisted here that Morrow, the beneficiary in the deed of trust, should have been made a party to the suit.    The defect of parties appeared upon the face of the petition, and no objection was interposed by demurrer, or answer, or in the motion for a new trial, and, under the general rule of practice, the objection would be taken as waived.    R. S., sections 2043, 2047, 2302; *Rogers v. Tucker*, 94 Mo. 352.    This rule is not, however, applied to suits for the partition of land.    At common law jurisdiction for partition was vested in courts of chancery.    As the objects to be attained by such suits was to make a division of the land in severalty, among common owners, and to settle all equities among them, the courts were careful that all persons having an interest should be made parties to the suit to the end that the entire title should pass, and future controversies should be avoided.    As is said, courts of equity are unwilling to leave the matter of controversy "in such a condition that its final administration may be wholly inconsistent with equity and good conscience." *Shields v. Barrow*, 17 How. (U. S.) 130; *Barney v. Baltimore*, 6 Wall. 284; Freeman on Cotenancy and Partition [2 Ed.], section 463; *Holloway v. Holloway*, 97 Mo. 628; *Thompson v. Holden*, 117 Mo. 118.

Our statute, section 7135, provides that "every person having an interest in such premises, whether in possession or otherwise, *shall* be made a party to such petition." Under this statute, and the common law practice in equity, this court has properly held that no judgment in partition should be made, when it appears that parties, who are not before the court have an existing vested interest in the subject-matter of the suit.    In such case the parties interested should be

brought in, or partition should be denied. *Dameron v. Jameson*, 71 Mo. 97; *Estes v. Nell*, 108 Mo. 177; *Thompson v. Holden, supra*; *Parkinson v. Caplinger*, 65 Mo. 290.

While Morrow, as beneficiary in the deed of trust, was a proper party, he can come in, or be brought in, at any time before final judgment, and the failure to make him a party, no objection having been made by defendant, is not ground for the reversal of the interlocutory judgment from which the appeal was taken. *Harbison v. Sanford*, 90 Mo. 477.

III. Objection is made that the order of sale was not justified under the evidence. The claim is based upon the following testimony of defendant Rule. "I believe the land could be so divided as to set off one-fifth to itself; it would be a small tract, but I think it can be done. I say this, believing that a sale of the whole tract would be an advantage to my interest." It does not appear, from the abstract of the record, that this was all the evidence on the subject. Plaintiff asked for a sale, and defendant thought a sale would be advantageous to him. Under this state of facts, we can not say that error was committed in ordering a sale, particularly so when the whole tract consisted of only one hundred and five acres.

IV. Defendant undertook to prove that the note and deed of trust was given to plaintiff with the fraudulent intent of preventing his wife from obtaining maintenance out of the land.

As the wife of plaintiff secured no equity in the land, or lien upon it, by virtue of the judgment against plaintiff, and as it was a matter which did not affect the rights of defendant Rule, the evidence was properly excluded. Interlocutory judgment affirmed. All concur.