J. H. PRUETT, Appellant, v. ROBERT WARREN, Respondent.

St. Louis Court of Appeals, March 4, 1901.

1. **Practice, Appellate:** RULES 15, 18 AND 19 OF THIS COURT. As the brief of the appellant wholly disregards the rules of this court (15, 18 and 19), the court would be warranted in dismissing the appeal.

2. **Mortgage:** PARTITION: JOINT OWNERS. The defendant and one Williams were joint owners of a herd of cattle; plaintiff held a mortgage on the undivided interest of Williams. The cattle were divided by Williams and defendant, to which plaintiff consented, and agreed that the lien of his mortgage should attach only to Williams' portion of the division. *Held,* that he could not thereafter enforce his lien against the portion of cattle allotted to the defendant.

3. ———: PERSONAL PROPERTY JOINTLY OWNED: PARTITION. Under Revised Statutes 1899, section 4432, joint owners of personal property other than boats and vessels, are entitled to a partition, or a sale and partition of the proceeds of such property.

4. ———: ———: ———: INCUMBERED PROPERTY: PARTITION. Incumbrancers made parties to a partition suit, whose liens extend to the undivided interest of anyone of the co-tenants, can take in substitution therefor a lien against the share assigned to the tenant in common, whose interest was covered by the incumbrance.

Appeal from Pulaski Circuit Court.—*Hon. Leigh B. Woodside,* Judge

AFFIRMED.

Pruett v. Warren.

### STATEMENT OF THE CASE.

This is the second appeal of this case. When the cause was before us for the first time, we held that an amendment, at the close of the trial of an action for negligent failure of duty on the part of an agent as to the collection of a note resulting in a loss to his principal, setting forth a cause of action for the conversion of thirty-two head of cattle, was the substitution of a cause of action different from that on which the plaintiff had gone to trial, and proper exceptions having been saved thereto, we reversed the judgment in favor of the plaintiff and remanded the cause. Pruett v. Warren, 71 Mo. App. 84. Thereafter, plaintiff dismissed his former suit and brought the present one for substantially the cause of action set forth in his amendment to the former. Upon a trial of the issues arising in the latter suit, defendant had judgment, from which plaintiff has appealed to this court.

*J. I. Johnson* for appellant.

(1) The court erred in admitting the evidence of defendant as to the division of said cattle for the purpose of showing a release of the mortgage on the cattle taken by defendant. The mortgage being a written instrument can not be changed or modified by verbal agreement afterwards entered into, unsupported by any new consideration. Wendover v. Baker, 121 Mo. 273; Rucker v. Harrington, 52 Mo. App. 481; Denser v. Hamilton, 52 Mo. App. 394. (2) The court erred in giving the above instruction for the further reason that there is not a scintilla of testimony that plaintiff ever agreed to release any part of the cattle from the lien of said mortgage, and because said instructions declare that a written contract can afterwards be changed, rescinded or modified by verbal agreement un-

supported by any new consideration.    Merrell v. Trust Co., 46 Mo. App. 236.

BOND, J.—The brief of the appellant has been constructed without any regard for the rules of this court (see rules 15, 18 and 19), and we would be warranted in dismissing the appeal for that reason.    However, the only point which the brief seems to make, is that the court erred in an instruction given for defendant to the effect, that if the jury believed the defendant and one Williams were the joint owners of a herd of cattle and that plaintiff held a mortgage on the undivided interest of said Williams, and that by agreement between the joint owners, the cattle were divided between themselves, and plaintiff consented to such division and agreed thereupon that the lien of his mortgage should attach only to that portion of the cattle assigned to his debtor, that he could not thereafter enforce it against the portion of the cattle allotted to defendant. The instruction was clearly correct.    Under our statutes, joint owners of personal property, other than boats and vessels, are entitled to a partition, or a sale and partition of the proceeds of such property by the same proceedings, as near as may be, as are provided in cases of partition of real estate.    R. S. 1899, sec. 4432.    A parol partition of land, followed by possession, where all parties derived title from a common source, is a valid conveyance of the equitable title *inter partes* which the courts will follow up by an accordant vestiture of the legal title. Sutton v. Porter, 119 Mo. loc. cit. 104.    Our statutes require all persons having an interest in real estate sought to be partitioned, to be made parties to the proceedings.    R. S. 1899, sec. 4376; Hiles v. Rule, 121 Mo. 248.    Incumbrancers thus made parties to a partition suit, whose liens extend to the undivided moiety of any one of the co-tenants, take in substitution therefor a lien against the whole of the share assigned to the

tenant in common whose moiety was covered by the incumbrance. Freeman on Part. and Cot., sec. 478. The instruction under review, simply predicated the application of these principles to the parol partition of personal property, by its joint owners with the knowledge and consent of the mortgagee of the undivided one-half of one of the co-owners. It was, therefore, correct. These three parties, by their agreement *inter sese,* simply effected by an *executed* oral contract or partition what would have been done if the courts had been appealed to. The co-owners had an undoubted legal right to this method of partition, and also to transfer thereby the lien of the mortgagee of one of them from a charge upon an undivided share in the whole of the cattle, to a lien upon the whole of the portion allotted to his debtor, if he consented to such partition and thus became a party to its terms. The mutual allotments of the respective joint owners was the consideration between them and the fixing of his lien upon the whole share allotted to his debtor was the consideration to the mortgagee. The judgment herein is, therefore, affirmed. All concur.