## WALTER COMMISSION COMPANY, Respondents, v. GILLELAND & HAMLIN, Appellants.

**Kansas City Court of Appeals, March 2, 1903.**

1. **Trial Practice: TWO SUITS: ABATEMENT.** A subsequent suit may be abated because it is unnecessary, vexatious and oppressive, and the first suit occupies the ground.

2. **Landlord and Tenant: ACTION FOR POSSESSION: TENDER OF RENT: STATUTORY CONSTRUCTION: APPEAL.** Where the tenant is sued for possession for failure to pay rent, if he tenders the rent and costs before the justice, the suit may abate, but a tender in the circuit court on appeal comes too late since the object of the statute is to provide a speedy remedy to recover possession upon default in the rent.

3. ———: ———: **RENT: JUDGMENT: JURISDICTION.** Where the amount of the rent due at the time of the trial *de novo* on appeal exceeds the justice's jurisdiction, the plaintiff may take a judgment for the possession alone and look to the appeal bond for his rent.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover,* Judge.

REVERSED AND REMANDED.

*Hamner & Hamner* and *F. W. Gifford* for appellants.

(1) The tender of the rent due, together with the costs in the court below, entitled appellants to judgment in their favor. Johnson v. Douglas, 73 Mo. 168. (2) On April 17, 1900, respondent in this cause recovered judgment for rent for the sum of $68.30 in his landlord and tenant suit; on April 19, 1900, respondent filed an unlawful detainer suit, stating under oath that appellants were unlawfully withholding possession of "stall No. 25," city market, claiming again the rent sued for

in the landlord and tenant suit, and nine hundred dollars damages, and raised the monthly value of the "stall" to fifty dollars per month. At the time this was done there was only the amount of "rent" due respondent which was tendered in the court below, together with the costs. (3) The court by refusing the declarations asked by appellants virtually say the respondent can have both suits pending in court at the same time, and can recover the rent twice and $189.29 more, and also double damages for all the time. This court and the Supreme Court has said otherwise. Green v. Von der Ahe, 36 Mo. App. 394; Robbins v. Conley, 47 Mo. App. 502; Pickett v. McCord, 62 Mo. App. 467; Warder v. Henry, 117 Mo. 530; Carson & Rand Co. v. Stern, 127 Mo. 381.

*Chas. H. Winston* for respondent.

(1) The judgment was not excessive. It is for the rents accrued to, and due at, time of trial and judgment. R. S. 1899, sec. 4133. (2) The statute gives no right to make a tender for the first time after appealing to the circuit court, when the defense was a general denial before the justice. (3) Judgment of the circuit court was right, for it must be for recovery of possession of the premises and the amount of rent accrued and due down to the time of rendering the judgment, and for all costs. R. S. 1899, secs. 4133, 4139, 4071, 4081; Mores v. McCarty, 10 Mo. App. 583; Leahy v. Lubman, 67 Mo. App. 191. (4) Even the rent for the month of March, 1900, must be included in the judgment, because defendants expressly tender it by their amended answer. They are bound by their tender of $92 for the rent to March 31, 1900, and interest thereon, and are estopped by their amended answer from denying that that amount is due to that date. Wright v. Butler, 64 Mo. 165; Campbell v. Railroad, 16 Mo. App. 553. (5) This landlord and tenant action ought not

to be held in abeyance as prayed in the amended answer. The unlawful detainer action was not begun until this landlord and tenant action had been appealed from the justice, and a long delay of justice made certain herein. Robbins v. Conley, 47 Mo. App. 506; State ex rel. v. Daugherty, 45 Mo. 297; Thompson v. Holden, 117 Mo. 118; Jacobs v. Lewis, 47 Mo. 344.

SMITH, P. J.—This is an action which was brought before a justice of the peace under the landlord and tenant statute to recover possession of the space or stall number twenty-five on the outside of the Kansas City market house, and also the rent due thereon.

· The evidence presented by the record before us tends to show us that Kansas City leased the said space to L. S. Walters for the term of one year beginning on the first day of April, 1893. That at the commencement of said term there was no building on said space and that during his tenancy the said city permitted him to construct and erect a building thereon for his own use; that after the expiration of said term he, with the consent of said city, held over and continued in possession of said space and the building thereon as tenant thereof; that while so in possession he transferred said space and building to the plaintiff and placed it in possession thereof; that plaintiff while so in possession of said space and building paying rent to the said city, leased the same to defendants and placed them in possession under said lease, and that defendants after being so put in possession never surrendered the same to plaintiff; that at the time of the commencement of this suit defendants owed the plaintiff $68.30 rent, and that plaintiff demanded the same after it became due. The cause was removed by appeal to the circuit court where plaintiff had judgment for $421.49, and the defendants appealed.

It may be here stated that twenty-four days after

Walter Com. Co. v. Gilleland & Hamlin.

the commencement of this action the plaintiff begun an action of forcible detainer against the defendants for the restitution of the said space and building and the rent then due, with damages, etc. The latter action was pending in the circuit court at the time of the trial of the former. The complaint and other papers filed in the unlawful detainer case were put in evidence by the defendants at the trial of this cause.

The defendants requested the court by an instruction to declare that as there were two suits between the same parties for the same thing, it should not allow the plaintiff to proceed. This request was, we think, properly refused. The grounds upon which courts abate subsequent suits is that they are unnecessary, therefore, vexatious and oppressive. State ex rel. v. Doughtery, 45 Mo. 296; Jacobs v. Lewis, 47 Mo. 344; Thompson v. Holden, 117 Mo. 118; Warder v. Henry, 117 Mo. l. c. 541; State ex rel. v. Moss, 35 Mo. App. l. c. 447. Where two suits are brought at different times between the same parties and for the same thing, that first brought occupies the ground and that subsequently brought will be abated. The rule of *lis pendens* can have no application in a case like this where it is sought to abate the first suit because of the bringing of a subsequent one, even though such subsequent suit be between the same parties and for the same thing.

The defendants in the circuit court for the first time made a tender of the amount of rent they thought was then due plaintiff under the terms of their lease. This was not accepted by plaintiff. The defendants further requested the court to declare that after the tender of all rent and interest thereon and refusal by plaintiff, and the deposit thereof with the sheriff and payment of all costs, that the plaintiff could not further maintain its action. This instruction was properly refused because the statute (section 4133) expressly provides that upon the return of the summons executed, the justice shall proceed to hear the cause; and if it shall

appear that the rent which is due has been demanded and payment has not been made, and *if the payment of such rent with all costs shall not be tendered before the justice on the hearing of said cause,* such justice shall render judgment that the landlord recover possession. It is thus seen that if the payment of the rent and costs are tendered at the trial before the justice, that shall have the effect to abate the suit and thus avoid the forfeiture, or, which is the same thing, continue the lease. Nagle v. League, 70 Mo. App. 1. c. 490. But suppose, as here, payment of the rent and costs is not tendered at the trial before the justice, and judgment is rendered for possession and the rent, can the tenant take an appeal from such judgment and at any time thereafter, no difference how long, make tender of the rent and costs due at the time of such tender, and in that way prevent a forfeiture, and so prolong the life of the lease?

We neither find nor have we been cited to any precedent by which we may be guided in determining this question. The manifest purpose which the Legislature had in view in the enactment of this statute was to provide a speedy and effective remedy by which the landlord may recover possession where default has been made by the tenant in the payment of the rent. If a suit is brought by the landlord under this statute, the tenant may avoid a forfeiture if he will make the tender and at the time required by it, but he can not be allowed afterwards to make such tender and thereby avoid the forfeiture, for to allow him to do so would be to encourage delay and thus thwart the legislative purpose in enacting the statute. A construction of the statute under which a subsequent tender would avoid a forfeiture would have the effect to encourage appeals to be taken for the sole purpose of securing delay, and is therefore not to be tolerated.

Complaint is made that the judgment is for an amount which exceeds the jurisdiction of the court. The

jurisdiction of the appellate court in such cases is derivative and is not more comprehensive than that of the justice. Within the territorial limits of Kansas City the jurisdiction of justices of the peace in actions for the recovery of money, etc., is three hundred dollars. In all cases contemplated by section 4130, Revised Statutes, the landlord may recover possession of rented premises and also have judgment for the amount of the rent then due in those cases where the amount of the rent shall not exceed the jurisdiction of a justice of the peace by the general law establishing the amounts of recoveries in money to which that jurisdiction extends. R. S., sec. 4133; Smith v. Crews, 2 Mo. App. l. c. 269; Leahy v. Lubman, 67 Mo. App. 191. Where, as here, the amount of the rent due at the time of the trial *de novo* exceeds the jurisdiction of the appellate court, the plaintiff may elect to take judgment for the possession alone. In that case, he will be protected, as respects the rent, by the bond provided by section 4139, Revised Statutes. It is apparent upon the face of the judgment that it is in excess of the jurisdiction of the court in such cases, and therefore it can not be sustained.

There are several other questions discussed in the briefs of counsel, but as they are not raised by the appeal we can not notice them here.

It results that the judgment will be reversed and cause remanded with directions to the circuit court to give plaintiff judgment for possession alone without the rent due—leaving it to remain as unadjudicated matter. All concur.