BICK, Appellant, v. DRY, Respondent.

St. Louis Court of Appeals, December 29, 1908.

PRACTICE: Another Suit Pending: Revival of Judgment. The pendency of an action of debt upon a judgment does not prevent a subsequent proceeding by *scire facias* to revive the judgment; the former was not "another suit pending" which would prevent the prosecution of the latter.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

GOODE, J.—This is a proceeding by writ of *scire facias* to revive a judgment obtained before a justice of the peace by plaintiff against the defendant for

$60.14. It is the same judgment involved in the case of Bick v. Dry, — Mo. App. — . According to the original petition said case might be regarded either as an attempt to revive the judgment in the wrong way, or as a suit on the judgment. However, the appeal was determined on a point of practice. A transcript of the justice's judgment had been filed in the office of the clerk of the circuit court, and the present proceeding by *scire facias* to revive it was on a writ issued from the circuit, clerk's office. [R. S. 1899, sec. 4021.] A motion was filed to quash the writ for this reason, among others: that there was pending an appeal from the judgment of the Monroe County Circuit Court to this court on the same judgment and between the same parties, at the time the writ of *scirc facias* issued. The parties stipulated on the hearing of said motion that "the writ of *scire facias* was issued to revive a judgment on which a suit for a new judgment had been brought in the circuit court of Monroe county, and that on the trial on the merits of said suit, judgment was entered in favor of the defendant, and that plaintiff in that case, who is the plaintiff in this case, duly appealed from the judgment of the circuit court of Monroe county entered in that suit on the judgment, and that said appeal is now pending and undetermined in the St. Louis Court of Appeals." The motion to quash was sustained on the ground of the pendency, according to the stipulation, of what was a suit for a new judgment. In a case wherein our statutes regarding the revival of judgments on *scire facias* were involved, it was decided by the United States Circuit Court of Appeals for this circuit, that the remedy by *scire facias* was not a substitute for an action of debt on the judgment, but an independent and concurrent remedy of which the creditor might avail himself regardless of such action; that the creditor might prosecute his action for debt and his proceeding by *scire facias* at the same time, and the pendency of one would be no defense against the other. [Lafay-

ette County v. Wonderly, 92 Fed. 313.]   This seems to be ancient and sound law.   [2 Coke, Inst. 272; Carter v. Coleman, 34 N. C. 274; Lambson v. Moffett, 61 M'd. 426; Hugg v. Brown, 6 Whart. (Pa.) 468; Beareslay v. Peay, 23 Ark. 172; Houston v. Emery, 76 Texas 282.] As said, the other action between these parties might be taken as an attempt to revive the judgment by suit instead of *scire facias*.   But even if it were, in truth, a suit to revive the old judgment instead of for a new one, we are bound, in determining this appeal, by what the parties have stipulated regarding the matter, which is that the former action is one of debt on the judgment. The authorities cited supra show its pendency affords no defense to the remedy by *scire facias*.

The judgment is reversed and the cause remanded. All concur.