MICHELIN TIRE COMPANY, Appellant, v. A. C. WEBB, Respondent.

Springfield Court of Appeals, May 2, 1910.

1. PRACTICE: Pleading: Abatement of Action: Suit Against Stockholder and Another Against Corporation for Same Debt. Plaintiff instituted a suit to recover judgment against the defendant for a debt owed by a corporation of which defendant was a stockholder, and which corporation was alleged to be insolvent. The defendant filed a motion to strike the cause from the docket on the ground that plaintiff had instituted a suit for the same debt against the corporation. On the showing that the other suit was pending, the trial court sustained the motion. *Held*, that the pendency of the suit against the corporation was no ground for abating the suit against the stockholder and that the motion to dismiss was not the proper pleading in any event; that the plea of another suit pending should be set up in the answer.

2. ———: ———: Actions Against Stockholders and Corporations. The statute (R. S. 1899, sec. 987) which provides that if a corporation be dissolved leaving debts unpaid suit may be brought against stockholders without joining the corporation leaves the implication that it would be proper to join the corporation in the same suit.

3. ———: Actions Between Same Parties: Abatement of Action. The general rule is, where two suits are brought at different times between the same parties, and for the same thing, the suit first brought occupies the ground, and that subsequently brought will be abated.

4. ———: ———: ———: Pleading. Though under our code a former suit pending between the same parties for the same thing is a matter of defense and must be pleaded with matter going to the merits of the action, still such defense is matter in abatement of the suit.

5. ———: Another Suit Pending: Abatement of Action. The ground upon which courts proceed in the abatement of subsequent suits is that they are unnecessary and vexatious and that the plaintiff can obtain his remedy in the first suit as completely as in the second; but, where it is sought to abate one action because another suit is pending, and it appears that the other suit is not between the same parties, the principle can have no application.

Appeal from Jasper Circuit Court.—*Hon. Haywood Scott,* Judge.

REVERSED AND REMANDED (*with directions*).

. *Fred W. Kelsey* and *Leroy S. Dewey* for appellant.

*Pearson & Butts* for respondent.

GRAY, J.—This suit was instituted in the circuit court of Jasper county, on the 8th day of September, 1908, to recover a judgment against the defendant for goods, wares and merchandise sold to A. C. Webb Automobile Company, a corporation.

The petition alleges the defendant was a stockholder in said corporation, and that the corporation had dissolved and ceased to do business, and prayed for judgment against the defendant, under the provisions of section 987, Revised Statutes 1899.

The defendant was served with process and filed his answer within the time prescribed by the statute. Afterwards and during the same term of court, the defendant filed a motion to strike the cause from the docket on the ground that the plaintiff had instituted a suit for the same debt against the said A. C. Webb Automobile Company, and that said action was then pending in Division No. 2 of said court. The motion was sustained, after allowing the defendant to introduce the files in the suit against the corporation, and the plaintiff has appealed to this court.

The only question to be considered, is the action of the court on the motion. The statute under which the suit was brought, provides that if a corporation be dissolved leaving debts unpaid, suit may be brought against persons who are stockholders without joining the corporation in such suit.

The reading of the statute implies that it would be proper to join the corporation in the suit against the

stockholder, as it provides the suit may be brought without doing so. The general rule is, where two suits are brought at different times between the same parties, and for the same thing, the suit first brought occupies the ground, and that subsequently brought, will be abated. [Walter Commission Co. v. Gilliland, 98 Mo. App. 584.]

Objection is made that a motion is not a proper way to attack a petition for the reasons assigned in this case, and that the same should be done by answer. Our code of civil procedure provides that the defendant may demur to the petition when it shall appear upon the face thereof that "there is another action pending between the same parties for the same cause in this State;" and it is also provided that if that situation does not appear upon the face of the petition, it may be raised by answer, and if objection is not made by demurrer or answer, it shall be deemed waived.

It will be noticed that the motion does not allege another action pending between the same parties. It is alleged that another action is pending against the corporation to recover on the same demand.

In Warder v. Henry, 117 Mo. 541, 23 S. W. 776, Judge BLACK said: "Though under our code a former suit pending is a matter of defense and must be pleaded with matter going to the merits of the action, still such defense is matter in abatement of the suit."

In this case the defendant had answered, and the question of the other suit pending was not raised therein, and it seems to us that a motion to dismiss is not the proper practice, but the matter in abatement should be alleged in the answer.

The doctrine announced in Warder v. Henry, supra, is supported by the following authorities: Nicholson v. Golden, 27 Mo. App. 1. c. 152; Ryan v. Mills, 88 N. W. 392; Danforth v. The Tennessee R. R. Co., 11 S. 60; Central R. R. & Banking Co. v. Coleman, 14 S. E. 382; Gardner v. Keihl, 37 Atl. 829; Witte v. Foote, 62

N. W. 1044; City of North Muskegon v. Clark, 62 Fed. 694; State v. Superior Court of Kings County, 45 Pac. 670; Brown v. Campbell, 43 Pac. 12.

As the one suit was against the corporation, and the second against a stockholder of the corporation, there is abundant ground for saying that the remedies are concurrent and the pendency of the suit against the corporation is no objection to the prosecution of the suit against the stockholder. As the general rule is, that a plea of former suit pending is not available as a defense, unless the former suit is effectual, the plaintiff can obtain his remedy therein as completely as by the second suit. [Wright v. Keifer, 131 Ill. App. 298; Black v. Thompson, 120 Ill. App. 424; Warder v. Henry, 117 Mo. l. c. 542, 23 S. W. 776; Bick v. Dry, 134 Mo. App. 538, 114 S. W. 1146; White v. Gibson, 113 N. Y. S. 983; Reed v. Lowe, 163 Mo. 519, 63 S. W. 687; Thompson v. Holden, 117 Mo. 118, 22 S. W. 905.]

In Thompson v. Holden, supra, the rule is stated: "It appears from the pleadings that neither the parties nor the subject-matter of the suits are the same. All the parties to this suit are not parties to that one. The ground upon which courts proceed in the abatement of subsequent suits is that they are unnecessary, and are therefore deemed vexations. If the parties are not the same, and the objects of the suit and relief sought are different, the principle can have no application."

For the reasons assigned, we will reverse the judgment of the trial court and remand the cause with instructions to set aside the judgment, striking plaintiff's petition from the docket and to reinstate the case, and to overrule the motion to dismiss. All concur.