FOSTER v. FOSTER, *Appellant.*

Judgment for defendant affirmed for want of evidence to sustain the allegations of the plaintiff's petition.

*Appeal from Johnson Circuit Court.*—HON. N. M. GIVAN, Judge.

AFFIRMED.

S. T. *White* for appellant.

J. J. *Cockrell* and O. L. *Houts* for respondent.

NORTON, J.—This suit was instituted in the Johnson county circuit court for the assignment of dower, and it is averred in the petition that plaintiff was married to James M. Foster, and that during the coverture and on the 12th day of March, 1861, James Foster was seized to the use of said James M. Foster, his son, of an estate of inheritance in certain lands in the petition described; that said James M. Foster procured a deed to be executed to said James Foster to said lands with the intent to defraud plaintiff of her right of dower in the same. It is also averred that plaintiff was subsequently divorced from said James M. for his fault and misconduct, and that subsequently to said divorce, on the 12th day of October, 1866, the said James M. procured the said James Foster to convey without consideration said land to defendant Agnes J. Eads, who afterwards intermarried with the said James M. and held said land in secret trust for him with full knowledge of plaintiff's right and the fraudulent acts of said James M.; that said James M. died in 1878; and the petition concludes with a prayer that plaintiff be endowed with one-third part of said lands.

The defendant, in her answer, after admitting the marriage of plaintiff with said James M. Foster and her subsequent divorce from him, denies all the other allegations, and sets up that she bought said land in good faith in 1866, prior to her marriage with said James M., and is the real owner thereof, and also that prior to the decree for alimony in plaintiff's divorce suit, it was agreed by and between plaintiff and said James M. Foster, that she would accept a decree for $2,000 alimony in full of all claim for dower and alimony, but that by mistake said decree was entered up for $2,000 in full of alimony only. Upon the trial of the cause the court found for defendant and dismissed the bill, and we are asked on plaintiff's appeal to review this finding.

After an examination of the record we are of the opinion

that the judgment is for the right party. It appears from the evidence in the case that up to 1860 James M. Foster (the then husband of plaintiff) owned the land in question, that during that year he and his wife removed to the state of Texas, and before leaving Missouri sold and conveyed the land to W. S. and A. B. Foster for the consideration of $5,000, plaintiff joining in the deed and relinquishing her right of dower; that W. S. Foster executed his note for his part of the purchase money, and A. B. Foster paid $1,300 and gave his note for the remainder; that W. S. and A. B. Foster afterwards, in 1861, became involved, and being satisfied that they could not pay for the land wrote to said James M., then in Texas, informing him of this fact, and requested him to take the land back, which he consented to do; that said W. S. and A. B. Foster conveyed the land to James Foster, he having bought the same, according to the testimony of W. S. Foster, of said James Foster, and that he occupied the land till 1862, and died in 1867. It also appears that plaintiff returned to Missouri from Texas in 1862 or 1863, and instituted suit for divorce against James M. Foster, and obtained a decree for divorce and also for $2,000 alimony, it appearing from the evidence that the said amount for alimony was the result of a compromise in which the estate of said James M. was estimated at $6,000. It further appears that in August, 1866, and after said decree of divorce, James M. Foster, in anticipation of and as a marriage settlement gave to defendant, then Agnes J. Eads, the sum of $3,000, and that in October of said year she bought said land of James Foster for the sum of $2,000, and received a deed therefor. We have failed to find any evidence in the record sustaining the averment in the petition that this purchase was made by said Agnes Eads, the defendant, without consideration and with full knowledge or any knowledge that said land was held by James Foster for said James M. Foster, or that any of the conveyances of the same were made with a view to defraud plaintiff of dower in the

same. The failure of proof in this respect gave the trial court full warrant to render the judgment appealed from. While the record shows that plaintiff and her sister testified that James Foster, prior to the sale of the land to said Agnes, had said to them that he held the land for plaintiff and James M. Foster, her husband, there is no evidence that defendant had notice or knowledge of this fact, and it did not so appear on the face of the deed made to said Foster by said W. S. and A. B. Foster. Judgment affirmed, in which all concur.