McDonald, *Administrator*, v. Matney *et al.*, *Plaintiffs in Error.*

1. **Partnership Relation:** QUESTION OF FACT. The question of the existence of the relation of partners between persons, is one of fact under proper instructions.

2. ————: JUDGMENT: THIRD PERSONS. A judgment in a suit determining the existence or non-existence of a co-partnership relation between the parties thereto, is not binding on or admissible in evidence against strangers to such proceeding.

3. **Partnership Inter Sese:** QUESTION, HOW DETERMINED. A mere participation in the profits and loss does not necessarily constitute a partnership between the parties so participating. The relation of partnership *inter sese*, is a question of intention on the part of the alleged partners, and is one to be determined by the triers of fact from all the circumstances proved.

4. **Trial without a Jury:** INCOMPETENT EVIDENCE: REVERSAL. The rule, that the admission of incompetent evidence in a cause tried by the court without the intervention of a jury, will not cause a reversal if there is competent evidence sufficient to sustain the finding, has no application, unless it is obvious that the incompetent evidence did not induce the finding.

*Error to Platte Circuit Court.*—Hon. Geo. W. Dunn, Judge.

Reversed.

*Jas. F. Pitt* for plaintiff in error.

As between the partners themselves, the test of partnership is liability for losses, *i. e.* liability of each to lose whatever money or property he has in the business as well as to answer over out of his private estate upon the obligations of the concern. The power of partners to manage and dispose of the firm property, and to wind up its affairs, are incident to this liability. *Philips v. Samuel,* 76 Mo. 657 ; *Musser v. Brink,* 68 Mo. 242 ; *Donnell v. Harshe,* 67 Mo. 170 ; *Campbell v. Dent,* 54 Mo. 325 ; *Lengle v. Smith,* 48 Mo. 276 ; *Whitehill v. Shickle,* 43 Mo. 537. The common law right of a surviving partner is not affected by the statute, except

that he may after the time limited be disturbed in his ad ministration unless within thirty days after grant of letters he gives bond provided by statute. W. S. p. 78, § 52 *et seq.* If he fails, he may have the property taken out of his possession. *Bredow v. Mut. Sav. Ins.*, 28 Mo. 181; *Mut. Sav. Ins. v. Enslin*, 37 Mo. 453; 20 Mo. 174. Probate courts have no power to compel administration, except to order the public administrator in proper cases. Hull's proceeding in the probate court was wholly unauthorized. There is no warrant for it in the law respecting partnership estates. It was *ex parte* as to the partnership debtors and creditors. The executor had no lawful possession or control of the partnership estate. *Orrick v. Vahey*, 49 Mo. 428; *Bredow v. Mut. Sav. Ins., supra.*

*Vinton Pike* for defendant in error.

The principle contended for by plaintiffs in error that sharing the profits of a firm business raises an irrebutable presumption that the receiver of them is a partner in the firm, has long been exploded. *Campbell v. Dent*, 54 Mo. 332; *Wiggins v. Graham*, 51 Mo. 17; *Donnell v. Harshe*, 67 Mo. 170; *Musser v. Brink*, 68 Mo. 242; *Phillips v. Samuel*, 76 Mo. 657; Parsons on Part., (2 Ed.) p. 73; Story on Part., (6 Ed.) § 49; 1 Lindley on Part., p. 19. Nor does sharing the losses alter the case. Net profits include losses and an agreement to share losses in a certain proportion, is but a guarantee of the servant to indemnify the master against any impairment of his capital to that extent. *Burnett v. Snyder*, 81 N. Y. 556. To constitute one a partner he must be clothed with all the rights and powers of a principal. *Campbell v. Dent*, 34 Mo. 332; *Musser v. Brink*, 68 Mo. 242; *Donnell v. Harshe, supra;* 43 Barb. 438; 6 S. & R. (Pa.) 332; 6 Gill 423; 49 Barb. 265; 43 Ill. 323, 326; 19 Ind. 113; 6 Met. 82; 51 N. Y. 231. The written agreement between Beattie and Hull repels the idea that a partnership relation was intended. It does not follow that persons who are

partners by virtue of participation in profits are entitled as such to that which produces those profits. 2 Lindley on Part., 648. The record of the probate court was properly read in evidence. *Loring v. Steineman*, 1 Met. 204; Bigelow on Estop., 145; 21 Wall. 509. The cause was tried by the court without a jury, and the declarations of law given and refused are only important as indicating the theory on which the court proceeded, and it is immaterial if improper evidence was admitted, so there was competent and legal evidence sufficient to sustain the finding. *Beck v. Pollard*, 55 Mo. 28; *Cooper v. Ord*, 60 Mo. 420.

HENRY, J.—This is an action by plaintiff as administrator of the estate of Armstrong Beattie, deceased, against defendant, James A. Matney, on a promissory note for $450 dated December 11, 1869, payable to A. Beattie & Co., made by defendant and William A. Matney. On said note is an endorsement signed by T. B. Weakley, prior to January 1, 1877, by which he transferred to Beattie his interest in the note. The defense pleaded was that on the 1st day of January, 1877, Beattie and one James Hull, by a written agreement, became partners in the banking business at the city of St. Joseph, conducted in the name of said A. Beattie and that by the terms of the agreement and the construction placed upon it by the parties, the note sued on became and is the property of said co-partnership.

The replication put in issue the foregoing facts and also pleaded that on the 7th of January, 1879, said Hull filed his motion in the probate court of Buchanan county alleging that he and A. Beattie were co-partners in said banking business from the 1st day of January, 1877, to the date of his death and asking the court to order the administrator of said Beattie's estate to inventory said partnership estate and to give bond as administrator of said estate. That on the 24th of February, 1879, on a hearing of said motion by the judge of said court it was denied and said court then and there found and entered of record

that said Hull was not a partner of said Beattie and such judgment remains in full force, unappealed from.

The only question in the case was whether Beattie and Hull were partners, and we have only to consider whether the court, sitting as a jury, properly tried that issue. The alleged partnership agreement is as follows:

> "BANKING HOUSE OF A. BEATTIE,
> ST. JOSEPH, Mo., January 1, 1877.

"It is agreed and understood that A. Beattie gives to James Hull one-third of the net profits of the banking house of A. Beattie, for the year 1877, after paying $1,200 rent, all clerk hire and incidental expenses of doing the business in all its departments; the said James Hull to attend closely to the business, under the direction of the said A. Beattie, who retains the entire control, and the said James Hull is to bear one-third part of any and all losses sustained during said term.

"Signed in duplicate. We fix rent of office, fixtures, etc., at $1,200 per year.

"(Signed)      A. BEATTIE.
         JAS. HULL."

"*Indorsement:*      January 28th, 1878.

"The within agreement is hereby renewed for one year from January 1st, 1878.

"(Signed)      A. BEATTIE.
         JAS. HULL."

The testimony of Hull, who was introduced by defendant as a witness, tended to prove a partnership. M. J. McCabe testified that he and his brother-in-law were depositors in and did business through Beattie's bank and in 1877, and at other times, in conversations with Beattie he stated to Beattie that many persons objected to his bank; that in the event of his death it would be closed and their money shut up for six or twelve months and that Beattie replied that he had fixed or would fix it up and that nothing of the kind could happen. That finally in March, 1878,

he asked Beattie about it and Beattie said he had fixed it all up with Jimmie (meaning Hull) and that no odds what happened to him the bank was all right, and also stated that there was an agreement between him and Jimmie and that in case of his death Jimmie would keep the bank open and run it as he always had and that after awhile he would let it be known.

Evidence in rebuttal was introduced by plaintiff which it is unnecessary to set out in detail.    Plaintiff offered in evidence a transcript of the record of the proceedings in the probate court, showing the motion, trial and judgment, as pleaded in the replication, to the introduction of which defendant objected.

The court gave the following declaration of law .

Under the pleadings and evidence in this case, the court sitting as a jury, will find for the plaintiff, and assess his damages at the sum mentioned in the note sued on with ten per cent interest thereon from the maturity of said note.

The following asked by defendant were refused :

1.    Upon the part of defendants, the court declares the law to be that if from the evidence the court believes that on and after the 1st day of January, 1877, A. Beattie and James Hull were partners as alleged in defendant's answer, and that by their construction of the agreement between them, and their action under it, said Hull had an interest in the note sued on, and that said note became the property of said partnership, and Hull interested therein at the institution of this suit, then the finding must be for defendants.

2.    Upon the part of defendants, the court excludes the petition of Hull filed in the probate court, and the record of said court, and all evidence offered under plaintiff's reply in regard to the proceedings in said court, between said Hull, and the plaintiff.

Judgment was for plaintiff, and defendant's motion for new trial was overruled, and he has duly prosecuted an appeal to this court.

If the court had given the instructions asked by defendants as well as that given at plaintiff's instance and then found for plaintiff, we think there would have been no error, because the evidence warranted the verdict and the declaration of law which was given by the court is in effect but the verdict of the court trying the issues of fact on the evidence, but it was error to refuse the first instruction asked by defendants. The agreement between Beattie and Hull was not conclusive in plaintiff's favor that there was no partnership between them, and there was evidence *aliunde* tending to prove a partnership. If the cause had been tried with a jury to pass upon the issues of fact the declaration of law made by the court would have been error as withdrawing from the jury a question which it would have been their province to determine. We are, also, of the opinion that the court erred in admitting as evidence in the cause the record of the proceedings of the probate court, and consequently in the refusal of defendant's second instruction. Hull is no party to this suit and defendant here was no party to the proceeding in the probate court, and the finding and judgment of that court that Hull was not a co-partner of Beattie in the banking business, even if conclusive against Hull, cannot bind or in any manner whatever affect third persons, entire strangers to that proceeding. " It is a general, if not. universal, principle that a suit between two persons shall not bind or affect a third person who could not be admitted to make a defense, to examine witnesses or to appeal from the judgment." *Case v. Reeve*, 14 Johnson 80 ; *Cecil v. Cecil, et al*, 19 Md. 80. " It is a general principle fundamental to the doctrine of *res judicata*, that personal judgments conclude only the parties to them and their privies. The bar must be mutual to the parties in the latter action." Bigelow on Estop. 59 ; *Crispen v. Hannavan*, 50 Mo. 415. " It is a most obvious principle of justice that no man ought to be bound by proceedings to which he was a stranger." 1 Greenl. Ev., 522. " Parties bound by a judgment "

includes all who are directly interested in the subject matter and had a right to make defense, or to control the proceedings and to appeal from the judgment. This right involves, also, the right to adduce testimony and to cross-examine the witnesses on the other side. Persons not having these rights are regarded as strangers to the cause. *Ib.* 523. There is an apparent exception, says Prof. Greenleaf, in cases " usually termed proceedings *in rem* " and, also, decisions " upon the personal status or relations of the parties, such as marriage, divorce, bastardy, settlement and the like." *Ib.* And these proceedings are binding upon others than parties " upon the ground that in most cases of this kind, especially in questions upon property seized and proceeded against every one who can be possibly affected by the decision has a right to appear and assert his own rights by becoming an actual party to the proceedings, and partly upon the more general ground of public policy and convenience, it being essential to the peace of society that questions of this kind should not be left doubtful, but that the domestic and social relations of every member of the community should be clearly defined and conclusively settled and at rest." *Ib.*

No such reasons exist in the case of an alleged partnership, for holding a judgment in a suit between A. and B., determining its existence or not to bind one who was in no sense a party to the suit, or in privity with those who were. The personal status of the individuals who are alleged to be partners is not involved, neither are their domestic or social relations in question. The only question is one of contract, for partnership relations are based always upon contract, expressed or implied. Matney was in no sense a party to the proceeding in the probate court. He could not have become a party, had no right to control it it any manner whatever, no right to introduce or cross-examine witnesses, or to appeal from the judgment. To show the injustice of holding a stranger bound by a judgment in such a case, instances are more demonstrative than

abstract principles. Suppose that Beattie had died insolvent and Hull had ample means to pay all the debts of the firm of A. Beattie, and a creditor should sue Hull as a partner of Beattie, would it be concluded that this judgment of the probate court on a motion made by Hull, alleging the co-partnership would be conclusive, or any evidence in his favor? Or, on the other hand, reversing the pecuniary condition of the parties, and suppose Beattie's estate sued plaintiff, alleging that Beattie and Hull were partners, would the judgment in favor of the estate on Hull's motion estop the plaintiff from proving that Hull and Beattie were in fact partners? Shall a judgment rendered in a cause to which one is a stranger, determine his property rights? Under the well established and universally recognized elementary principles of law of *res judicata* this cannot be. In the case of *Henry v. Woods*, 77 Mo. 227, the opinion delivered by Philips, C., fully sustains our conclusion in this case.

As this judgment will be reversed and the cause remanded, it is proper to consider briefly the question, what constitute parties partners *inter sese*. It is an entirely different question from that presented where a third person seeks to charge them as partners. The defendant, in this case, had no transaction with Beattie and Hull as partners. The note in suit was made by him to A. Beattie & Co., when that firm consisted of Beattie and Mackley, and however Beattie and Hull may have appeared to the world as partners, defendant can only maintain his defense by proof that they were in fact partners *inter sese*. "A mere participation in the profits and loss does not necessarily constitute a partnership" between the parties so participating. *Dunnel v. Stone*, 30 Me. 384; *Musser v. Brink*, 68 Mo. 242; *Donnell v. Harshe*, 67 Mo. 173; *Philips v. Samuel*, 76 Mo. 658. It is a question of intention on the part of the alleged partners and is one which the triers of the fact will have to determine upon all the circumstances proved. It would be difficult to state any one fact or stipulation

which would be decisive of the question except a stipulation expressed that they were partners *inter sese,* and even this might be controlled by other stipulations, and the conduct of the parties in relation to the business. Each case must be determined upon its own peculiar facts.

Respondent contends that, inasmuch as the cause was tried by the court without the intervention of a jury, the declarations of law are of no importance, except as indicating the theory on which the court proceeded, and that it is immaterial that improper evidence was admitted if there was competent evidence sufficient to sustain the finding. That is correct only where it is obvious that the incompetent evidence admitted did not induce the verdict, but how can we say that the court found its verdict on the other evidence, and that the record of the probate court, to no extent, influenced its finding? How do we know that if that incompetent evidence had been rejected, the verdict would have been for defendant? It is no answer to this, that the evidence would warrant a verdict for plaintiff, even if that read had been excluded. This court is not to try the fact. That was the province of the court below, and it erred in admitting evidence without which it might have rendered a verdict for defendant, which this court could not have set aside as against the weight of evidence.

Judgment reversed and cause remanded. SHERWOOD and RAY, JJ., concur. HOUGH, C. J. and NORTON, J., dissent.