CARSON, PIERIE, SCOTT & COMPANY, Respondents, v. E. W.
CULVER et al., Appellants.

### St. Louis Court of Appeals, February 7, 1899.

1. **Practice, Trial**: PLEA IN ABATEMENT: DEMURRER TO THE EVIDENCE.
   In the case at bar, plaintiff's account was created after full knowl-
   edge on their part of the status of the defendants as to the own-
   ership of the goods and the extent of authority conferred on Charles
   Culver as agent for E. W. Culver, and there is nothing in the record
   which evidences any fraudulent purpose on the part of either of de-
   fendants in their dealings with plaintiffs. *Held,* that the trial
   court correctly sustained the demurrer to the evidence on the trial
   of the two pleas in abatement.

2. ———: INSTRUCTION. When there is no evidence tending to show
   a copartnership between the defendants, it is error to submit to the
   jury the issue as to whether they were partners or not.

*Appeal from the Shelby Circuit Court.*—HON. ANDREW
ELLISON, Judge.

REVERSED AND REMANDED.

CHARLES P. HESS for respondents.

This debt was fraudulently contracted. Blackwell v.
Fry, 49 Mo. App. 638, and cases cited; Herboth v. Gaal, 47
Mo. App. 255; Clarkson v. Creely, 40 Mo. 114; Cole Mfg.
Co. v. Jenkins, 47 Mo. App. 664; Elsass v. Harrington, 28
Mo. App. 300; Reid v. Lloyd, 52 Mo. App. 278;   *   *   *
Sharp v. Knox, 48 Mo. App. 169; Johnson v. Huxler, 115
Mo. 513; Hoppe v. Saylor, 53 Mo. App. 4; Mitchum v. Dun-
lap, 93 Mo. 418; Fanning v. Cobb, 20 Mo. App. 577; Hull

[NOTE.—In Carson, Pierie, Scott & Co., Appellants, v. E. W. Culver et al., De-
fendants, E. W. Culver, Respondent, and in Carson, Pierie, Scott & Co., Appellants,
v. E. W. Culver et al., Defendants, and Charles Culver, Respondent, judgment revers-
ing and remanding said causes for new trial on the merits was rendered by St. Louis
Court of Appeals at October term, 1898, for the reasons set forth in the following
opinion of the Court.—REPORTER.]

v. Jones, 69 Mo. 587; Ingalls v. Averitt, 45 Mo. App. 371; Rice v. Groffman, 55 Mo. App. 439; Johnson v. Hurley, 115 Mo. 513; First National Bank v. Badger Lumber Co., 54 Mo. App. 327; Kelly v. Gay, 55 Mo. App. 39. Under the law and the evidence the verdict in the principal suit against both parties and judgment thereon in favor of the respondents against both Charles Culver and E. W. Culver should be sustained. The judgment on the plea of abatement of Charles Culver and E. W. Culver under the law and testimony should be set aside and judgment entered in this suit against both Charles Culver and E. W. Culver.

KINLEY, CARSKADON & KINLEY for appellants.

The testimony nowhere shows that there ever existed any partnership between Charles Culver and E. W. Culver, nor facts from which any legal presumption of the existence of a partnership relation between them could be inferred. There was no evidence upon which to base instruction number 1, given at the request of plaintiffs. There being no evidence of a partnership relation existing between Charles Culver and E. W. Culver, then E. W. Culver must be liable, if at all, either, first, by reason of authority in Chas. Culver to bind him, as agent in making the purchases, or, second, by E. W. Culver having ratified the acts of Chas. Culver in making the purchases after the same were made. Chas. Culver had no authority to bind E. W. Culver in making these purchases. E. W. Culver never ratified the acts of Chas. Culver in making these purchases. There can be no ratification without knowledge. Hyde v. Larkin, 35 Mo. App. 372; Winsor v. Lafayette Co. Bank, 18 Mo. App. 665; Middleton v. Railroad, 62 Mo. 579; Cravens v. Gillilan, 63 Mo. 28. Burden of proof is on the party seeking to show the ratification. Cravens v. Gillilan, 63 Mo. 28. If the knowledge that an agent has of his own unauthorized act, can be

imputed to the principal, there will never arise any question of ratification. Hyde v. Larkin, 35 Mo. App. 373.

BOND, J.—Plaintiffs, a mercantile firm doing business at Chicago, sued the defendants for $1,049.29, alleged to be due on account for goods sold and delivered. It is further alleged in the petition that the goods were shipped to a store conducted at Clarence, Missouri, by Charles Culver, nominally as the agent of E. W. Culver, but in reality as co-owner; that said E. W. Culver claimed to be the sole owner, and that he had restricted his agent to a maximum of $200 in purchases of goods on his behalf. The petition further alleges that on the twenty-third of January, 1897, Charles Culver as the agent for E. W. Culver, attempted to settle plaintiff's account herein sued for, and to that end delivered to them two notes for $400 each, payable in two and four months, respectively, and a check for $190, all of said instruments being signed by him as agent, and tendered a trust deed on the stock of goods in his charge as agent to secure said sums, provided E. W. Culver would approve and join in said settlement; that this was not done, wherefore plaintiffs tendered in court the check, notes, and deed of trust, and prayed judgement as above stated. Plaintiffs sued out an attachment on various grounds, which were put in issue by pleas in abatement on behalf of each defendant. The defendants also filed separate answers. Charles Culver one of general denial. E. W. Culver one of general denial, except an admission that he was the owner of the store at Clarence, Missouri, and that he was indebted to plaintiffs in the sum of $200, as to which he alleged a continuing tender. After hearing the evidence on the issues joined by the pleas in abatement, the court sustained a demurrer thereto on behalf of Charles Culver, and submitted the issue as to the pleas in abatement filed by E. W. Culver. The jury being unable to agree, there was a continuance of that issue to a

subsequent term, when the court, after the adduction of all the evidence relative thereto, likewise sustained a demurrer on the part of said E. W. Culver. From verdicts in favor of the defendants under these rulings, plaintiffs, at the conclusion of the case, appealed. From a judgment rendered against both defendants on the ultimate trial of the case on its merits, defendants appealed.

It is conceded by plaintiffs that the testimony presented on the trial of the two pleas in abatement was substantially the same. It tended to prove that Charles Culver had purchased a stock of goods at Clarence, Missouri, for the purpose of indemnifying himself against an indebtedness which he had assumed for the grantor; that he mortgaged these goods to one Rutledge for more than $8,000, and being in financial straits on account of this and other matters he appealed to his brother, E. W. Culver, for assistance, who responded by paying off the Rutledge mortgage and purchasing the said stock of goods at about sixty cents on the dollar of their invoice price, and putting Charles Culver in charge of them as his (E. W. Culver) agent; that thereafter Charles Culver as such agent made a statement of the value of the goods and the outstanding indebtedness to plaintiffs as a basis of credit and ordered a bill of goods from them, whereupon they wrote to E. W. Culver, notifying him of the reception of such order and their information of his ownership of the store, and asked him if he would be responsible for the bill, to which he replied that he would not be responsible beyond $200. It further appears that Charles Culver wrote E. W. Culver that he (Charles Culver) had enough money on hand to pay for this particular bill of goods, whereupon E. W. Culver wrote plaintiffs that they might ship that bill "as ordered." The shipment was made, and subsequently paid for. Thereafter plaintiffs shipped the goods sued for in the present action to Charles Culver as agent aforesaid. These were not paid for. A settlement was attempted between plaintiffs and Charles Culver on the basis

of a check for $190, two notes for $400 each, and a deed of trust on the store to secure plaintiffs and other creditors, all of such instruments signed by Charles Culver as agent, and subject to the ratification and approval of E. W. Culver, which the evidence shows was not had. Thereupon the son of E. W. Culver, as special agent, was sent to Clarence, Missouri, and while there tendered plaintiffs' agent $200 in settlement of the account sued for, and gave him permission to retake the goods beyond that sum represented by plaintiffs' account. Said special agent stated that his father was only bound to that extent and knew nothing of the present shipment. This proposition was also declined by plaintiffs. There was no substantial evidence that either of the defendants were nonresidents of the state.

Upon the foregoing evidence the learned trial judge did not err in sustaining the demurrer of the defendants to the sufficiency of the proof to take the case to the jury on the issues raised by the pleas in abatement. Plaintiffs' account was created after full knowledge on their part of the status of the defendants as to the ownership of the goods and the extent of authority conferred on Charles Culver as agent for E. W. Culver, and there is nothing in the record which evidences any fraudulent purpose on the part of either of defendants in their dealings with plaintiffs. As to them the conduct of defendants was open and unreserved, and if plaintiffs permitted their anxiety to make sales to tempt them into transactions beyond the limitations of the agent's authority, of which they had notice, they can not hold the principal as for a purchase on his behalf. It follows that the judgment on the pleas in abatement must be affirmed.

The questions raised on the appeal by defendants from the judgment against them, for the full value of the goods on the trial of the merits, remain to be considered. On these issues the court for the plaintiff gave the following instructions:

"1. Although the jury may believe from the evidence that Charles Culver was only an agent, and was instructed not to buy any on credit, or purchase any bills on credit exceeding $200, and that plaintiff knew of this, still, if the jury believe from the evidence Charles Culver did at different times exceed his instructions as to purchases upon credit, and that said purchases were paid, and afterward purchased the bill in question and had the goods shipped to E. W. Culver, and mixed and confused them with other stock and placed them in his store and sold them, or a substantial portion thereof, and appropriated the proceeds thereof, and E. W. Culver, with knowledge of such facts, subsequently disposed of the remainder by selling them, or suffering them to be sold, or *shipping them himself to Arkansas,* then the finding should be for the plaintiff against E. W. Culver for the admitted balance of $999.27, with six per cent interest from February 17, 1897, $1,064.22."

"2. Although the jury may believe from the evidence that Charles Culver acted as agent for E. W. Culver, and as agent ordered the goods in question, still, if from all the evidence the jury believe he was a secret partner or had a silent ownership in the store, then he is bound."

"3. And if the jury believe from the evidence that Charles Culver was a *silent or secret partner* in the store and business, and that the goods sued for were purchased by him as agent, then both defendants are liable for the full amount, notwithstanding E. W. Culver's instructions not to extend a credit exceeding $200."

"4. Although one may contract as agent of another, still he is liable as a principal if the evidence shows he was in fact one of the principals."

The first of the foregoing instructions was misleading in the use of the terms "or shipping them to Arkansas." The evidence is that the goods shipped to Arkansas by E. W. Culver were taken out of the stock immediately after his

purchase thereof and before the goods sued for were delivered. In other respects instruction number 1, was a correct statement of the law upon the facts hypothecated. Instruction number 2, was erroneous in submitting the issue as to whether Charles Culver was "a secret partner" in the store. There is no evidence in the record tending to show any copartnership between the defendants. Instruction number 3 is open to the same objection. While the record might afford an inference that Charles Culver was the owner of the store, it furnishes no evidence tending to show that he and his brother were copartners. For these defects in the foregoing instructions for plaintiff, the judgment against defendants is reversed and the cause remanded for a new trial on the merits. All concur. Judge Biggs in the result.

