ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

OCTOBER TERM, 1912.

(Continued from Volume 167)

BEN B. THORNTON, Respondent, v. CHARLES V. MERSEREAU, Appellant.

St. Louis Court of Appeals, November 12, 1912.

1. APPELLATE PRACTICE: Conclusiveness of Verdict. A verdict rendered on conflicting evidence is conclusive, on appeal.

2. MASTER AND SERVANT: Contract of Employment: Evidence. Where, in an action for services rendered, the issue was whether there was a contract of employment between plaintiff and defendant, the testimony of a witness that he was in defendant's office with plaintiff and was a party to a conversation between them in which defendant agreed to give plaintiff and the witness each a specified sum per week as expense money, was admissible to prove the existence of a contract of employment between plaintiff and defendant.

3. INSTRUCTIONS: Covering Whole Case: Ignoring Theory of Either Side. An instruction which is intended to cover the whole case should cover defendant's side of the case as well as plaintiff's.

4. PARTNERSHIP: How Established: Question for Court or Jury. The fact of partnership is a matter for determination by the jury, if there are facts in evidence warranting a verdict to that effect; it being the province of the court, however, to determine whether or not there is such evidence.

168 Mo. App.]                    (1)

Thornton v. Mersereau.

5. ———: ———: What Constitutes: Participating in Profits and Losses. The determination of the question of whether a contract is one of partnership depends upon the evidence, but mere participation in the profits and losses does not necessarily constitute a partnership between the participating parties.

6. INSTRUCTIONS: Covering Whole Case: Ignoring Defense. In an action for services rendered, where plaintiff offered evidence tending to prove an employment and the rendition of services thereunder and their value, while defendant offered evidence tending to prove that he and defendant were partners in the work, an instruction given for plaintiff, intended to cover the whole case, which authorized a recovery if the jury found that the parties entered into an agreement whereby plaintiff was to perform the services, that plaintiff performed them, and that they were of value, was erroneous for failing to cover the issue of whether or not the parties were partners. [REYNOLDS, P. J., dissents.]

7. APPELLATE PRACTICE: Binding Effect of Theory at Trial: Trial Practice: Partnership. In an action for services rendered, where evidence offered by plaintiff, tending to prove a partnership between the parties for the performance of the work sued for, is received without objection by defendant, the defense of partnership will be considered, although defendant's answer is merely a general denial.

8. MASTER AND SERVANT: Action for Services: Instructions. In an action on a *quantum meruit* for services rendered, defended on the theory that plaintiff and defendant were partners in the work, defendant requested an instruction charging that if the jury believed the services sued for were performed under an agreement between plaintiff and defendant, and that defendant "did not, under such agreement, agree to pay plaintiff a salary for all or any part of such services, then plaintiff is not entitled to recover." *Held*, that it was proper to refuse the instruction, since it would have been error to have charged that plaintiff could not recover for "all or any part" unless defendant had agreed to pay plaintiff for all or any part, as plaintiff certainly was entitled to recover for such part of the services as he proved he had rendered.

Appeal from St. Louis County Circuit Court.—*Hon. G. A. Wurdeman*, Judge.

REVERSED AND REMANDED.

*Lee A. Hall* for appellant.

(1) One partner cannot sue another in an action at law until a settlement has been made between them of the partnership affairs, even on a special agreement to pay salary. Richardson v. Bank, 4 My. & Cr. 165; Gaskell v. Spence, 83 Mo. App. 380. (2) The testimony of the witness Hempleman should not have been admitted,' and on defendant's motions should have been stricken from the record. (3) (a) A single instruction offered by plaintiff covering his whole case must not ignore any material defense of defendant. Link v. Westerman, 80 Mo. App. 592; Quirk v. Elevator Co., 126 Mo. 279; Borden v. Folk Co., 97 Mo. App. 566; Meyers v. Realty Co., 96 Mo. App. 625; Maccaully v. Greenwood, 127 Mo. 138; Scanlon v. Gulich, 199 Mo. 449; Evans Gardner Cul. Co. v. Railroad, 64 Mo. App. 305. (b) Plaintiff suing in his second count on the theory of *"quantum meruit,"* cannot recover on the theory of "an agreement" performed. Clements v. Yates, 69 Mo. 623; Cole v. Armour, 154 Mo. 333. (c) Instructions should be addressed to the specific count they are intended to cover. Bailey v. Gas Fixture Co., 54 Mo. App. 50. (d) Defendant's instruction No. 6 should have been given. Phelan v. Paving Co., 115 Mo. App. 423. (4) The verdict and judgment should have been for defendant. Richardson v. Bank, 4 My. & Cr. 165. (5) Plaintiff's undisputed conduct and actions and his evidence are so wholly inconsistent with his alleged contract for salary as to demonstrate that the verdict was the result of passion, prejudice and sympathy. Spohr v. Railroad, 87 Mo. 74; Walton v. Railroad, 49 Mo. App. 620; Garrett v. Greenwell, 92 Mo. 120.

*Geo. B. Logan* for respondent.

(1) Appellant's first point, that one partner cannot sue another in an action at law is correct in the

abstract, but not applicable to this case, since there was no evidence in this case tending to prove such a partnership as the appellant contemplates. (a) An agreement between two persons whereby they are to share the profits of a venture does not of itself constitute a partnership in such venture. The necessary incidents of a partnership are a sharing of the profits, a sharing of the losses, a joint ownership of the partnership property, and a joint management of the partnership business. Campbell v. Dent, 54 Mo. 325; Bank v. Outhwaite, 50 Mo. App. 124; Deyerle v. Hunt, 50 Mo. App. 541. (b) Statements of plaintiff's witnesses, or even of the plaintiff himself, that he was a partner might tend to create a partnership to such an extent as to render him liable to third persons, but to create a partnership *inter sese,* the intention of the parties is the essential factor. Deyerle v. Hunt, supra. (2) Testimony of witness Hempleman was fully admissible to prove the contract between the plaintiff and defendant as he was present when it was concluded. Hempleman was not a party to the contract between plaintiff and defendant, for the contract between plaintiff and defendant was carried out by plaintiff for defendant entirely without Hempleman. (3) Plaintiff's instruction A was proper, and defendant was not entitled to have his theory of the case presented, for: (a) An instruction should not include issues not raised by the pleadings, nor supported by the evidence. State ex rel. Robertson v. Hope, 102 Mo. 410; Kingman Co. v. Cornell-Tebbetts, 150 Mo. 281; Wann v. Scullin, 210 Mo. 429. (b) Nor should an instruction be given when there is evidence to support it if this evidence is improperly admitted, even though without objection. 38 Cyc. 1625-60; Weaver v. Hendrick, 30 Mo. 502. (4) Plaintiff's point 3 is not well taken, for it is not the law in this State. (a) It is the established law in this State that when a contract has been fully performed and nothing re-

mains to be done but to pay the stipulated price, the party performing may abandon the contract in his pleadings and sue in *indebtitatus assumpsit* for *quantum meruit*. Dempsey v. Lawson, 76 Mo. App. 522; Barnett v. Sweringen, 77 Mo. App. 64; Keith v. Moore, 146 Mo. 90. (b) In such cases the plaintiff does not reject or abandon the contract, but on his count on *quantum meruit* offers the contract as evidence to sustain his case. Williams v. Railroad, 112 Mo. 468; Yeats v. Ballentine, 56 Mo. 535. (c) A breach of an express contract by defendant will permit plaintiff to recover on a *quantum meruit* the value of the services rendered, the contract price limiting the recovery. Moore v. Gauss, 113 Mo. 98; Brierre v. Sugar Co., 102 Mo. 622. (5) Defendant's instruction No. 6 was properly refused, as there was no evidence properly before the jury on which this instruction could have been predicated. Defendant's whole case was that plaintiff and defendant were partners. This should have been specially pleaded and evidence thereon should not have been admitted. (a) Where a defense is affirmative, all the facts necessary to constitute a full defense should be fully set out, and this rule applies to cases in equity as well as in law. Reynolds v. Reynolds, 45 Mo. App. 622; Guinotte v. Ridge, 46 Mo. App. 254. (b) If the defendant rests his defense on any fact not necessary to support the plaintiff's case, he must set it out in ordinary precise language or he will be precluded from giving evidence of it at the trial. Musser v. Adler, 86 Mo. 445; Guinotte v. Ridge, supra.

REYNOLDS, P. J.—The petition in this case as originally framed consisted of four counts. The first and fourth were abandoned at the trial, and while there was a verdict for plaintiff on the third count, he remitted all of that verdict so that the only count necessary for consideration is the second. That states

that plaintiff entered into the service of defendant, at the request of defendant, and served as superintendent of construction of certain construction work, the work being the construction of certain alleys in the city of St. Louis and the construction of certain abutments in St. Louis county of a railroad; that he was engaged in the work for thirty-three and one-half weeks, with the exception of three weeks; that the reasonable value of the services was twenty-five dollars per week, making a total of $833.33 and that the only money he had been paid as compensation for his work amounted to $175.25. Judgment was demanded for the difference.

The answer was a general denial.

The jury returned a verdict in favor of plaintiff on the second count for $500, and on the third count for fifty dollars, but under a motion for new trial filed by defendant, plaintiff remitted $175 of the verdict as to the second count and all of the amount returned on the third count. Judgment followed, defendant filing motions for new trial and in arrest, saving exception to the overruling of these, has duly perfected his appeal to this court.

The evidence of plaintiff as to the second count tended to show that he had an agreement with defendant as to superintending the doing of the work mentioned in the petition and that he was to receive a certain sum per week, also another sum as board money, and to have a share in the profits of the contracts under which the work was to be done; that defendant had failed to keep the contract.

Appellant makes six assignments of error here. First, to the refusal of an instruction in the nature of a demurrer to the evidence under the second count, asked at the close of plaintiff's evidence and of the whole case. Second, to error in the admission of certain evidence offered by plaintiff, it being contended that it was improper, incompetent, irrelevant and im-

material; and third, error of the court in giving an instruction at the instance of plaintiff and in refusing an instruction asked by defendant. Fourth, that the verdict and judgment is for the wrong party. Fifth, that it is the result of passion, prejudice and sympathy, and finally for the error of the court in overruling defendant's motion for new trial and his motion in arrest.

Taking these up in their order, we cannot agree, even on the showing made by counsel for defendant, that the demurrer to the evidence under the second count of the petition should have been sustained. There was evidence given on the part of plaintiff in support of that count and while the testimony of the witnesses for plaintiff and defendant was very contradictory over this, its determination was for the jury and their finding is conclusive. Counsel under this assignment argues that plaintiff's testimony is not entitled to belief. That matter was distinctly submitted to the jury by the instruction given at the instance of appellant, that if the jury believed from the evidence that any witness had wilfully sworn falsely to any material fact, the jury was entitled to reject the testimony of that witness. The jury was further told by an instruction asked by appellant, that the burthen of proof was on plaintiff and that he must prove his case by the greater weight of the evidence, and if the jury found from the evidence that plaintiff had failed to prove his case as to any one or more counts of his petition by the greater weight of the testimony, their verdict should be for defendant as to such count or counts. So that we rule the first assignment of error against appellant.

The second assignment as to the admission of improper evidence is founded on evidence given by a certain witness, who testified that he was in appellant's office with respondent, was a party to the conversation between them, and in that conversation de-

fendant had agreed to give plaintiff and witness two dollars a week each as expense money. Defendant objected to this and moved to strike out the evidence of the witness "because it is not shown that that contract was ever carried out;" that plaintiff's evidence shows that this witness never became a party to any of this transaction at that time, and further that what the witness testified to was a conclusion, and counsel moved to have it stricken out. Counsel for appellant argues that it is apparent that if there was an agreement made between plaintiff, defendant and this witness, that contract, so far as the witness was concerned, was never carried out, and the fact that a contract of this character may have been made, to which the witness was a party and which is shown by his own testimony and that of plaintiff had never been carried out, is not admissible to prove and does not tend to prove that there was a contract between plaintiff and defendant, as the witness had testified that they were wholly unsuccessful in getting work and that he (witness) quit. There is no pretense that the contract between the witness and plaintiff on the one hand was a joint contract between them and defendant, so that while it was immaterial whether the witness had carried it out or not, his testimony was most clearly relevant, material and competent as tending to prove the contract on behalf of plaintiff with defendant. That error assigned is not tenable.

The third assignment of error relates to the giving of an instruction at the instance of plaintiff and the refusing of one asked by defendant. The instruction given at the instance of plaintiff, of which complaint is made, in substance, is as follows: That if the jury found from the evidence that plaintiff and defendant entered into an agreement whereby plaintiff was to perform services for defendant in the capacity of foreman of construction, and that plaintiff did in fact perform such services and such services

were of value, then the jury will find for plaintiff for the reasonable value of such services as they may believe from all the evidence in the case plaintiff may be entitled to. It is urged against this instruction that it undertakes to cover the whole case and omits all reference to the defense set up by appellant. The defense pleaded was a general denial. At the trial defendant, appellant here, undertook to prove that in point of fact plaintiff was a partner with him in the work of construction, payment for which is the basis of the action.

It is the duty of the court, when undertaking to instruct on the whole case, to cover not only the plaintiff's side of it but that of the defendant. Plaintiff testified that he and defendant were partners in the matter, defendant denying partnership and claiming an interest in profits only, which he testified had not been paid him, hence his action on *quantum meruit.* The fact of partnership is a matter for the determination of the jury, if there are facts in evidence authorizing a verdict to that effect (McDonald v. Matney, 82 Mo. 358); and the character of the contract between the parties is to be deduced from the evidence (Torbert v. Jeffrey, 161 Mo. 645, l. c. 654, 61 S. W. 823); and it is for the court to determine whether there is such evidence before the jury as will entitle them to find partnership. [Edgell v. Macqueen, 8 Mo. App. 71, l. c. 76; Carson et al. v. Culver et al., 78 Mo. App. 597, l. c. 603.] "A mere participation in the profits and loss does not necessarily constitute a partnership, between the parties so participating," says our Supreme Court in McDonald v. Matney, supra, l. c. 365, citing and quoting from several cases. [See also Torbert v. Jeffrey, supra, and Nugent v. Armour Packing Co., 208 Mo. 480, l. c. 487, *et seq.,* 106 S. W. 648.] With this evidence in the case, the majority of our court hold that the trial court, in undertaking to instruct on the whole case, should have covered this issue. 1

do not agree to that. Counsel for respondent argues that as there was no plea of partnership, the answer being a general denial, that the evidence as to partnership should have been disregarded. Whether it should have been pleaded is not necessary to decide, as the evidence concerning it went in without objection.

Appellant complains of the refusal of the court to give an instruction asked by him which, in substance, told the jury that if it believed from the evidence that the services mentioned in the second count of the petition were performed under an agreement between plaintiff and defendant and that defendant "did not under such agreement mentioned in these instructions, agree to pay plaintiff a salary for all or any part of such services, then plaintiff is not entitled to recover on the second count of his petition, and your verdict on such count will be for defendant." This instruction is not correct and should not have been given in the form asked; it would have been error to say that plaintiff could not recover for "all or any part," unless defendant had agreed to pay plaintiff for all or any part, for the plaintiff surely was entitled to recover for that part of the services he might have proved he had rendered.

The above assignments are the material ones. As the judgment will be reversed and the cause remanded, it is unnecessary to consider the assignment as to the amount of the verdict.

We find no suggestion whatever in the argument of counsel for appellant even tending to show why the motion in arrest of judgment should be sustained.

For error in the first instruction, in that it fails to cover the whole case, while purporting to do so, the majority of the court are of the opinion that the judgment should be reversed and the cause remanded. It is so ordered.